that the second is equally fallacious and unsupported by anything to be found in the specification. Decree for the complainants.

[For other cases involving this patent, see note to Dental Vulcanite Co. v. Wetherbee, Case No. 3,810.

[NOTE. On appeal to the supreme court the judgment was affirmed, but before any opinion had been read a motion to dismiss the appeal, and also to vacate the decree of affirmance, was made. This was granted in an opinion by Mr. Chief Justice Chase, who said that, the suit having been compromised, with the understanding, however, that both parties should go on to a final hearing, and the counsel on both sides having been paid by one of the parties, the suit was collusive, and the appeal must be dismissed, the decree of affirmance vacated, and an order made to recall the mandate, which had been issued to the circuit court. 21 U. S. (Lawy. Ed.) 141.]

---

## Case No. 5,592.

GOODYEAR DENTAL VULCANITE CO. v. GARDNER.

[Cited in Goodyear Dental Vulcanite Co. v. Willis, Case No. 5,603. Nowhere reported. For opinion on reargument, see Id. 5,591.

---

GOODYEAR DENTAL VULCANITE CO. GARDNER v.). See Case No. 5,228.

---

## Case No. 5,593.

GOODYEAR DENTAL VULCANITE CO. v. GATES.

[Cited in Goodyear Dental Vulcanite Co. v. Willis, Case No. 5,603. Nowhere reported; opinion not now accessible.]

---

GOODYEAR DENTAL VULCANITE CO. v. IRELAND. See Case No. 5,597.

GOODYEAR DENTAL VULCANITE CO. v. LOWE. See Case No. 5,594.

---

## Case No. 5,594.

GOODYEAR DENTAL VULCANITE CO. v. OSGOOD. SAME v. DICKINSON. SAME v. LOWE.

[2 Ban. & A. 529;[1] 13 O. G. 325.]

Circuit Court, D. Massachusetts. Feb. 11, 1877.

DOCKET FEE—TEST CASE—COSTS—FINAL HEARING.

1. It is proper to tax a docket fee, where the case is one of a number stipulated to be heard together, the decree in one case to stand as the decree in all.

2. Whenever a final decree is entered by the court, in an equity cause, after replication filed, for the purpose of taxation of a docket fee, this is to be considered as the "final hearing" referred to in Rev. St. § 824.

[Cited in Coy v. Perkins, 13 Fed. 112; Goodyear v. Sawyer, 17 Fed. 13.]

3. The docket fee is not to be taxed for an attorney, unless his name has been entered on the docket before the filing of the general replication, and he has been admitted to the bar of some circuit court of the United States, or to the bar of the supreme court.

[Cited in Gorse v. Parker, 36 Fed. 841; Louisville & N. R. Co. v. Merchants' Compress & Storage Co., 50 Fed. 452.]

4. In the taxation of costs, "final hearing" is to be considered as the submission of a cause in equity for the determination of the court after it is at issue, so that the case may be finally disposed of.

[Cited in Wooster v. Handy, 23 Fed. 54.]

[This was a bill in equity by the Goodyear Dental Vulcanite Company against Charles H. Osgood, Denison D. Dickinson, and George A. Lowe.]

B. F. Lee and Brown & Holmes, for complainant.

A. D. Chandler and E. Luther Hamilton, for defendants.

SHEPLEY, Circuit Judge. The record shows in each of the above cases that a bill, answer and replication were filed. The case against Osgood was heard by the court with many other cases, under a stipulation embracing a large number of cases to be heard together. The decree in one case was to stand as the decree in all. There can be no doubt of the right to tax the docket fee in this case. In the other two cases, after issue, an interlocutory decree was entered by the court, which substantially decided the merits of the controversy. The cases were finally dismissed by the court, upon a final decree, on motion of complainants. The docket fee is to be taxed in these cases also. Wherever a final decree is entered by the court, in an equity cause, after replication filed, for the purpose of taxation of the docket fee, this is to considered as the "final hearing" referred to in Rev. St. § 824.

This docket fee is not to be taxed for an attorney, unless the name of the attorney taxing the fee has been entered on the docket before the filing of the general replication, and such attorney has been admitted to the bar of the circuit court of the United States in this or some other circuit, or to the bar of the supreme court of the United States.

In the taxation of costs, "final hearing" is to be considered as the submission of a cause in equity for the determination of the court, so that the case may be finally disposed of upon bill and answer, or bill, answer and replication, or upon pleadings and proofs, or otherwise after the case is at issue. The taxation of the clerk, in these three cases, is affirmed, and the costs are allowed as taxed.

---

GOODYEAR DENTAL VULCANITE CO. v. PERRY. See Case No. 5,597.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]