## GUNTHER *v.* LIVERPOOL, LONDON & GLOBE INS. CO.

*(Circuit Court, E. D. New York.   March 7, 1882.)*

1. TAXATION OF COSTS ON NEW TRIAL DENIED.

>  On trial of an action removed from the state court to the United States circuit court, under the act of 1875, a verdict for plaintiff for $29,997 was rendered, and a motion for new trial was argued and denied.   On taxation of costs thereafter, the clerk allowed interest on the amount of the verdict from the day of rendition, and an item for "copy of coroner's record" used in evidence, and disallowed items of stenographer's charges and for service of summons in the state court; from which taxation both parties appealed to the court. *Held*, that the act of 1853 (section 828, Rev. St.) is not exclusive, and as the item of interest on amount of verdict is within the equity of section 996, it is taxable; that the items for service of summons and copy of coroner's record might be allowed, and the item for stenographer's charge was properly disallowed, no order of court therefor having been made or consent to its taxation given.

*Geo. H. Forster,* for plaintiff.

*Butler, Stillman & Hubbard,* for defendant.

BENEDICT, D. J.   Prior to the enactment of the fee bill of 1853 the actual disbursements necessarily incurred and deemed reasonable were allowed in the taxation of costs in accordance with the provision in the laws of the state (2 Rev. St. 727, 3d Ed.) by virtue of the rules of court.   See 1 Blatchf. 652.   Such is the law now unless modified by the fee bill of 1853.   That fee bill, in terms, relates to compensation of the officers named, but does contain a provision (now section 983, Rev. St.) allowing clerks to include in the judgment fees for exemplifications and copies of papers necessarily obtained for use on the trial, when taxed by the judge or clerk.   This provision has by some been considered as exclusive, and to forbid the taxation of any item of disbursements other than fees paid for exemplification and copies of papers, but in this circuit a different understanding has prevailed, and actual disbursements necessarily incurred have been taxed.   See *Hussey* v. *Bradley,* 5 Blatchf. 134; *Dennis* v. *Eddy,* 12 Blatchf. 195.   The rule for this circuit, as laid down in the cases referred to, will permit in this case the taxation of the item of one dollar paid for serving the summons by which the action was commenced in the state court.   It was a necessary disbursement actually made in the cause, and is now taxable by this court, by virtue of the rules of the court, as it would have been prior to the fee bill of 1853. The sum paid the stenographer by the plaintiff to obtain a copy of his minutes of the testimony given on the trial cannot be taxed, be-

cause the employment of a stenographer was not directed by the court, and there was no consent to the insertion of any part of the stenographer's charges in the bill of costs.

The item of interest on the judgment from the day of the rendition of the verdict to the day of entry of the judgment, amounting to some $500, may be allowed. The delay was caused by a stay of proceedings during the pending of a motion for a new trial. This delay should not be at the plaintiff's expense. The payment of interest meanwhile might properly be deemed a condition attached to the stay; or, if not, an entry of the judgment as of the date of entering the motion for new trial might, if necessary to avoid damages to the plaintiff, be permitted; but I consider the item of interest on a verdict within the equity of the statute, (section 996, Rev. St.,) and for that reason taxable. *Nat. Bank* v. *Mechanics' Nat. Bank,* 94 U. S. 439. See, also, *Dowell* v. *Griswold,* 5 Sawy. 24.

The clerk will, therefore, allow the item of one dollar paid for serving the summons, will reject the item of cash paid stenographer, and will allow interest on the amount of the verdict from the date of its rendition to the date of entering up the judgment.

The sum paid for the copy of the record of the coroner's inquest may also be allowed.