WOOSTER *v.* HANDY. (No. 1.)

SAME *v.* SINGER MANUF'G CO. OF NEW YORK. (No. 2.)

SAME *v.* HOWE MACHINE CO. (No. 3.)

SAME *v.* WILLCOX & GIBBS SEWING-MACHINE CO. (No. 4.)

SAME *v.* DOMESTIC SEWING-MACHINE CO., impleaded, etc. (No. 5.)

SAME *v.* SCHENCK, impleaded, etc. (No. 6.)

SAME *v.* SINGER MANUF'G CO. OF NEW JERSEY. (No. 7.)

SAME *v.* BARKER. (No. 8.)

SAME *v.* THORNTON and others. (No. 9.)

SAME *v.* BLAKE and others, impleaded, etc. (No. 10.)

*(Circuit Court, S. D. New York.* February 16, 1885.)

1. EQUITY PRACTICE—COSTS—FINAL HEARING IN EQUITY OR ADMIRALTY—SECTION 824, REV. ST.

To constitute "a final hearing in equity or admiralty," within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court, in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of *pro confesso,* or bill or libel and answer, or pleadings alone, or pleadings and proofs.

2. SAME—SEVERAL TRIALS—DOCKET FEE.

The statute does not forbid the allowance of a docket fee on or for each trial before a jury, where there is a verdict, or on or for each final hearing in equity or admiralty, if there are two or more final hearings, such as are above defined, in the same cause.

3. SAME—DEPOSITIONS ADMITTED IN EVIDENCE BY STIPULATION—TAXABLE FEES.

Where, on the hearing of one of several suits heard at the same time, brought by the same plaintiff against different defendants, for the infringement of the same patent, the depositions of a number of witnesses, taken in others of said suits, are admitted in evidence by virtue of a stipulation that all the evidence taken for the final hearing on both sides, in the other suits, may be read on the final hearing herein with the same force and effect as if taken herein, a solicitor's fee of $2.50 for each deposition in each one of the cases is not taxable.

4. SAME—COPIES OF PAPERS.

Copies of papers obtained for use on interlocutory or preliminary or incidental motions or hearings are not obtained for use on trials, within the meaning of section 983.

5. SAME—TRAVELING EXPENSES OF MESSENGERS AND ATTORNEYS.

The traveling expenses of attorneys to take evidence and attend court, and the expenses of messengers, are no part of taxable costs. Such expenses were never taxable before or since the act of 1853.

6. SAME—MACHINE EXHIBITS.

The expense of copies of models in the patent-office, properly procured for use as a part of the evidence in the suit, may be allowed for as part of the taxable costs; but the expense of other models and machines are not allowed to be so taxed.

7. SAME—PHOTOLITHOGRAPHIC EXHIBITS.

Photolithographic exhibits, not being drawings from the patent-office, but sketches introduced by witnesses in giving their evidence, fall under the rule as to machine exhibits, and are not taxable as costs.

v.23F,no.2—4

8. SAME—WITNESSES' FEES NOT PAID.
  . Where witnesses are paid in one or more cases, and not in others, the evidence is strong that they are never to be paid; especially where the lapse of time is great between the rendering of the service and the taxation.
9. SAME—DEPOSITIONS OF WITNESSES SWORN IN MORE CASES THAN ONE.
  Where the deposition of a witness was taken and entitled in several suits, he being sworn in each, but his deposition was written down only once, and there was no agreement that the solicitor's fee of $2.50 should be taxed but once for the group of cases, such fee is taxable for the deposition, in each case.
10. SAME—FEES PAID THE SAME WITNESS IN MORE THAN ONE CASE.
  In the absence of any rule of court, or special order, or stipulation of parties, a witness is entitled under section 848 to his fee for each day's attendance in court in each suit in which he attends.
11. SAME—CERTIFIED COPIES OF PAPERS PUT IN EVIDENCE.
  Where, under section 983, copies of papers necessarily obtained for use are put in evidence, and no order is made rejecting them as evidence, it is the duty of the clerk to allow, on taxation, the disbursements paid for the various copies put in evidence and forming part of the record for final hearing.
12. SAME—INCOMPETENT AND IMMATERIAL TESTIMONY.
  Where, upon an appeal from the taxation of costs, a party for the first time applies to the court to declare certain depositions to be incompetent and immaterial, it is a sufficient ground for denying the application that the party did not, at or before the final hearing, or before the taxation of costs, move to strike out the evidence in question.


In Equity.

*Henry S. Hoyt* and *Frederic H. Betts*, for plaintiff.

*W. H. L. Lee, B. F. Lee*, and *John Dane, Jr.*, for defendants.

BLATCHFORD, Justice.   In suits Nos. 1, 9, and 10, hearings were had on pleadings and proofs, and decrees directed for the plaintiff, in April, 1881.   *Wooster* v. *Blake*, 8 FED. REP. 429.   Afterwards, on the application of the defendants, those cases were reheard, because of decisions made by the supreme court in January, 1882, and the bills were dismissed in July, 1884.   *Wooster* v. *Handy*, 21 FED. REP. 51. At the same time, after hearings on pleadings and proofs, the bills were dismissed in the other seven cases.   *Wooster* v. *Howe Machine Co.* 21 FED. REP. 67.

The questions now to be considered arise on appeals by both parties from the taxation by the clerk of the defendants' bills of costs. The amounts of the bills in the several cases, as offered for taxation, the amounts disallowed, and the amounts taxed, were as follows:

| SUITS. | | | | | | OFFERED. | DISALLOWED. | TAXED. |
|---|---|---|---|---|---|---|---|---|
| No. 1, | - | - | - | | - | $1,555 29 | $ 486 40 | $1,068 89 |
| No. 2, | | - | - | - | | 2,707 46 | 340 19 | 2,367 27 |
| No. 3, | - | - | - | - | - | 261 86 | 24 25 | 237 61 |
| No. 4, | - | - | - | - | | 203 42 | 89 25 | 114 17 |
| No. 5, | - | - | - | - | - | 237 92 | 25 50 | 212 42 |
| No. 6, | - | - | - | - | | 249 67 | 27 25 | 222 42 |
| No. 7, | - | - | - | - | | 168 52 | 122 50 | 46 02 |
| No. 8, | - | - | - | - | | 157 57 | 115 00 | 42 57 |
| No. 9, | - | - | - | - | - | 190 63 | 38 74 | 151 89 |
| No. 10, | - | - | - | - | | 160 27 | 28 35 | 131 92 |
| | | | | | | $5,892 61 | $1,297 43 | $4,595 18 |

The questions to be considered arise mainly under the statutory provisions in regard to fees and costs. The fee bill of February 26, 1853, (10 St. at Large, 161,) provided as follows:

Section 1. "In lieu of the compensation now allowed by law to attorneys, solicitors, and proctors in the United States courts, \* \* \* witnesses \* \* \* in the several states, the following and no other compensation shall be taxed and allowed. But this act shall not be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their clients, other than the government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective states, or may be agreed upon between the parties.

"FEES OF ATTORNEYS, SOLICITORS, AND PROCTORS. In a trial before a jury in civil and criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars. Provided, that in cases in admiralty and maritime jurisdiction, where the libelant shall recover less than fifty dollars, the docket fee of the proctor shall be but ten dollars; in cases at law, where judgment is rendered without a jury, ten dollars, and five dollars where a cause is discontinued; for *scire facias*, and other proceedings in recognizances, five dollars; for each deposition taken and admitted as evidence in the cause, two dollars and fifty cents."

"Sec. 3. \* \* \* WITNESSES' FEES. For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents per mile for traveling from his place of residence to said place of trial or hearing, and five cents per mile for returning. When a witness is subpœnaed in more than one cause between the same parties in different suits at the same court, but one travel fee and one *per diem* compensation shall be allowed for attendance, to be taxed in the first case disposed of, and '*per diem*' only in the other causes, to be taxed from that time in each case, in the order in which they may be disposed of. \* \* \* The bill of fees of clerk, marshal, and attorneys, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trial in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. \* \* \* That before any bill of costs shall be taxed by any judge or other officer, or allowed by any officer of the treasury, in favor of clerks, marshals, commissioners, or district attorneys, the party claiming such bill shall prove, by his own oath, or some other person having a knowledge of the facts, to be attached to such bill and filed therewith, that the services charged therein have been actually and necessarily performed as therein stated."

The foregoing provisions appear in the following form in the Revised Statutes:

"Sec. 823. The following, and no other, compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to \* \* \* witnesses \* \* \* in the several states and territories, except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their clients, other than the government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective states, or may be agreed upon between the parties.

"FEES OF ATTORNEYS, SOLICITORS, AND PROCTORS. Sec. 824. On a trial before a jury, in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars: provided, that in

cases of admiralty and maritime jurisdiction, where the libelant recovers less than fifty dollars, the docket fee of his proctor shall be but ten dollars. In cases at law, when judgment is rendered without a jury, ten dollars. In cases at law, when the cause is discontinued, five dollars. For *scire facias*, and other proceedings on recognizances, five dollars. For each deposition taken and admitted in evidence in a cause, two dollars and fifty cents."

"WITNESSES' FEES. Sec. 848. For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents a mile for going from his place of residence to the place of trial or hearing, and five cents a mile for returning. When a witness is subpœnaed in more than one cause between the same parties, at the same court, only one travel fee and one *per diem* compensation shall be allowed for attendance. Both shall be taxed in the case first disposed of, after which the *per diem* attendance fee alone shall be taxed in the other cases in the order in which they are disposed of."

"Sec. 983. The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party."

"Sec. 984. Before any bill of costs shall be taxed by any judge or other officer, or allowed by any officer of the treasury, in favor of clerks, marshals, commissioners, or district attorneys, the party claiming such bill shall prove by his own oath, or that of some other person having a knowledge of the facts, to be attached to such bill and filed therewith, that the services charged therein have been actually and necessarily performed as therein stated."

The objections taken by the defendants to the disallowance of items which were disallowed will first be considered.

1. *Docket fees.* In suits Nos. 1, 9 and 10, a solicitor's docket fee in each case was claimed, of $20, for each one of the two hearings, but only one docket fee of $20 was taxed in each one of the three cases. It is contended, for the plaintiff, that only one docket fee of $20 in each one of the three cases was taxable; that the first hearing was not the "final hearing" referred to in the statute; that the docket fee of $20 is only taxable once in a suit, although there is more than one trial or more than one hearing of the case; that a final hearing in an equity suit is the hearing pursuant to which the final decree is entered; and that there can be but one final hearing of a cause in the same court. The words of section 824 are, "on a final hearing in equity or admiralty." The same words were used in section 1 of the act of 1853. The words "final hearing" had a recognized meaning, in the practice and procedure of courts, in 1853. Those words are found in the removal act of July 27, 1866, (14 St. at Large, 306,) in the provision for a removal by a petition filed "at any time before the trial or final hearing of the cause," which provision is reproduced in that language in subdivision 2 of section 639 of the Revised Statutes. They are also found in the removal act of March 2, 1867, (14 St. at Large, 558,) in the provision for a removal by a petition filed "at any time before the final hearing or trial of the suit," which provision is reproduced in subdivision 3 of section 639

of the Revised Statutes, in this language: "at any time before the trial or final hearing of the suit."

In reference to this act of 1867 it was said by Chief Justice WAITE, in *Vannevar* v. *Bryant*, 21 Wall. 41, 43: "The act authorizes the petition for removal to be filed 'at any time before the final hearing or trial of the suit.' The hearing or trial here referred to is the examination of the facts in issue. 'Hearing' applies to suits in chancery and 'trial' to actions at law." In the same case, *sub nom. Bryant* v. *Rich*, 106 Mass. 180, 192, it was said by Justice GRAY, that the words "final hearing or trial," in the act of 1867, would seem to be equivalent in meaning to the words "trial or final hearing," in the act of 1866. In reference to these words in the acts of 1866 and 1867, it is said by Judge DILLON, in his work on the Removal of Causes, (3d Ed. *c.* 15, § 59, p. 73,) as the result of numerous authorities cited: "Under this language, the petition for the removal *may*, it is certain, be made at any time before entering upon the final trial, or the hearing on the merits."

In *Doughty* v. *West, Bradley & Cary Manuf'g Co.* 8 Blatchf. C. C. 107, it was said by WOODRUFF, J., in 1870, in reference to the allowance of a docket fee under section 1 of the act of 1853:

"'Trial' and 'final hearing' have well-known definite meanings in the law, and they are used in this statute in that well-known sense. 'Trial' is used to describe the process of determining the issues in an action at law; and 'final hearing,' the submission of the case, for a determination thereof, upon the pleadings, or pleadings and proofs, or otherwise, so that the case may be finally disposed of."

The distinction between interlocutory applications and final hearings is a fundamental one in equity proceedings; and, when the expression "final hearing" is used in reference to an equity suit, it is used in contradistinction to an interlocutory application.

In 2 Daniell, Ch. Pr. *c.* 35, § 1, (4th Amer. Ed. 1587,) it is said:

"An interlocutory application is a request made to the court, or to a judge in chambers, for its interference in a matter arising in the progress of a cause or proceeding; and it may either relate to the process of the court, or to the protection of the property in litigation *pendente lite*, or to any matter upon which the interference of the court or judge is required before or in consequence of a decree or order."

This distinction is recognized in the rules in equity prescribed by the supreme court. Rule 1 is as follows:

"The circuit courts, as courts of equity, shall be deemed always open for the purpose of filing bills, answers, and other pleadings; for issuing and returning mesne and final process and commissions; and for making and directing all interlocutory motions, orders, rules, and other proceedings preparatory to hearing of all causes upon their merits."

This rule went into effect August 1, 1842, and has been in force ever since. So, in rule 29 of the rules in admiralty prescribed by the supreme court, it is provided that a default in answering a libel may be set aside, and an answer allowed, "at any time before the final

hearing and decree." This rule has been in force since September 1, 1845.

In *Dedekam* v. *Vose*, 3 Blatchf. C. C. 77, in 1853, in this court, where a decree dismissing a libel in admiralty had been affirmed, it was held by Mr. Justice NELSON and Judge BETTS, that the proctor could not have a docket fee of $20 for each one of two terms at which the cause was on the calendar, but could have one docket fee.

In *Hayford* v. *Griffith*, Id. 79, in 1853, in this court, where an appeal in admiralty was dismissed by the court on motion, before hearing, for irregularity, it was held by Mr. Justice NELSON that the docket fee was allowable, because the cause was on the calendar for hearing and was finally disposed of.

In *Dedekam* v. *Vose*, Id. 153, in 1853, in this court, where, after a decree in admiralty had been affirmed, there was an order by default against stipulators, it was held by Judge BETTS that a docket fee could not be charged therefor, as a final hearing, because it was an interlocutory or collateral proceeding by motion.

In *Doughty* v. *West, Bradley & Cary Manuf'g Co.* 8 Blatchf. C. C. 107, in 1870, in this court, there was a reference to a master growing out of a motion for an injunction before final hearing, and it was held by Judge WOODRUFF that a docket fee for the reference, as a trial or final hearing, was not taxable.

In *Goodyear Dental Vulcanite Co.* v. *Osgood*, 2 Ban. & A. 529, in 1878, in the circuit court for the district of Massachusetts, there were, in each of two equity cases, a bill, an answer, and a replication, and each case was dismissed by an order of the court, on the plaintiff's motion, there having previously been an interlocutory decree in each suit, which substantially decided the merits of the controversy; and it was held by Judge SHEPLEY that a docket fee of $20 was taxable in each of the two cases. He said:

"In the taxation of costs, 'final hearing' is to be considered as the submission of a cause in equity for the determination of the court, so that the case may be finally disposed of upon bill and answer, or bill, answer and replication, or upon pleadings and proofs, or otherwise, after the case is at issue."

In *The Bay City*, 3 FED. REP. 47, in 1880, in the trial of a suit in admiralty in the district court for the Eastern district of Michigan, evidence was given on both sides, and leave was granted to the libelant to give further proof, the court having intimated an opinion that he had not made out a case. He then discontinued the suit. Judge BROWN held that the docket fee was taxable, and was not dependent on a judgment or decree, but was taxable on a trial or final hearing.

In *Strafer* v. *Carr*, 6 FED. REP. 466, in 1881, in the district court for the Southern district of Ohio, there were two disagreements of juries, and then the plaintiff dismissed the case. It was held by Judge SWING that no docket fee of $20 was taxable, but only a discontinuance fee of $5.

In *Schmieder* v. *Barney*, 19 Blatchf. C. C. 143, S. C. 7 FED. REP.

451, in 1881, in this court, there were three trials before a jury; *first*, the plaintiff had a verdict, and the defendant obtained a new trial; *second*, the defendant had a verdict, and the plaintiff obtained a new trial; *third*, the defendant had a verdict. It was held by Judge BLATCHFORD that each of the three trials was a complete trial, and that the defendant was entitled to tax three docket fees of $20 each.

In *Coy* v. *Perkins*, 13 FED. REP. 111, in 1882, in the circuit court for the district of Massachusetts, there was a demurrer to a bill in equity, and the plaintiff, without notice to the defendant, or hearing or consideration of the case by the court, entered an order as of course, dismissing the bill. It was held by Mr. Justice GRAY and Judge LOWELL (Judge NELSON concurring) that the docket fee was not taxable. Mr. Justice GRAY says, referring to sections 823 and 824:

"We are of opinion that, upon the face of the statute, the intention of the legislature is manifest, that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented, to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20; as, for instance, where the court, on motion and argument, dismisses for irregularity an appeal from the district court, as in the case before Mr. Justice NELSON, of *Hayford* v. *Griffith*, 3 Blatchf. C. C. 79, or where the plaintiff discontinues after the court has substantially decided the merits of the case, either in an opinion expressed at the hearing upon the merits, as in the case of *The Bay City*, before Judge BROWN, (3 FED. REP. 47,) or by a previous interlocutory decree, as in *Goodyear Dental Vulcanite Co.* v. *Osgood*, decided by Judge SHEPLEY in February, 1878."

In *Yale Lock Manuf'g Co.* v. *Colvin*, 21 Blatchf. C. C. 168, S. C. 14 FED. REP. 269, in 1882, in this court, where a suit in equity was voluntarily discontinued by the plaintiff, without any hearing or decision by the court, Judge WHEELER held that the docket fee was not taxable.

In *The Alert*, 15 FED. REP. 620, in 1883, in the district court for the Eastern district of New York, a vessel was in custody, in an admiralty suit *in rem*, and the case was entered on the admiralty docket. An order was afterwards made by the court dismissing the case, and discharging the vessel from custody, on payment of costs, founded on a consent of the libelant that the cause be discontinued on payment of the amount claimed, and the libelant's costs. Judge BENEDICT held that, as an order of court was necessary to obtain the release of the vessel and to cancel the libelant's stipulations, the hearing on the motion to that effect was a final hearing, and the docket fee was taxable.

In *Huntress* v. *Town of Epsom*, 15 FED. REP. 732, in 1883, in the circuit court for the district of New Hampshire, there was a disagreement of one jury, and afterwards a verdict by another jury. Judge CLARK held that only one docket fee of $20 could be allowed.

In *Goodyear* v. *Sawyer*, 17 FED. REP. 2, in 1883, in the circuit court for the Western district of Tennessee, in six suits in equity, Judge

HAMMOND held that the docket fee was taxable where, after a cause was set on the hearing docket, it was dismissed by an order of the court, either generally or without prejudice, on motion of the plaintiff; and also where, after a decree against the defendant for an injunction and an account, and for costs, the cause was dismissed by the court on motion of the plaintiff. There were answers in all the cases, and replications in two, but no replications in the others.

In *Andrews* v. *Cole*, 20 FED. REP. 410, in 1884, in this court, in a suit in equity, there was an order *pro confesso*, followed by a final decree. It was held by Judge WALLACE that there had been a final hearing, and that a docket fee was taxable, because a final decree after an order *pro confesso* was not a matter of course.

The conclusion from the considerations above stated, supported as they appear to be by all the cases cited, except, perhaps, that of *Goodyear* v. *Sawyer*, is that to constitute "a final hearing in equity or admiralty," within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of *pro confesso*, or bill or libel and answer, or pleadings alone, or pleadings and proofs. Nor does it detract from the force of this conclusion, that what is called an interlocutory decree, as distinguished from a final decree, is often entered as the result of a decision on a final hearing. In 2 Daniell, Ch. Pr. *c.* 26, § 1, (4th Amer. Ed.) 986, it is said:

"A decree is a sentence or order of the court, pronounced on hearing and understanding all the points in issue, and determining the right of all the parties to the suit, according to equity and good conscience. It is either interlocutory or final. An interlocutory decree is when the consideration of the particular question to be determined, or the further consideration of the cause generally, is reserved till a future hearing."

The docket fee is given by section 824 as a fee to the solicitor or proctor "on" the final hearing. If there is such a final hearing as is above defined, the fee is taxable, as between party and party, in behalf of the party to whom the costs of the cause are awarded. Nor is there anything in the statute which forbids the allowance of a docket fee on or for each trial before a jury where there is a verdict, or on or for each final hearing in equity or admiralty, if there are two or more final hearings, such as are above defined, in the same cause. A new trial granted after verdict is as complete a trial, if there is a verdict in it, as was the first trial; and a rehearing or second hearing, such as was had in suits Nos. 1, 9, and 10, after a decision was rendered in them, is as complete a final hearing as was the first one.

I am, therefore, of opinion that the second $20 docket fee, in each of the three cases so reheard, must be allowed.

2. *Depositions admitted in evidence by stipulation.* There were, in each one of suits Nos. 2, 3, 4, 5, 6, 7, and 8, depositions admitted in evidence, by stipulation or order, which were not taken in the case in which they were so admitted. They number in all 150 depositions, and the fees for them, at $2.50 each, are $375. Those fees were disallowed on taxation. In suits Nos. 2, 3, 5, and 6 there was a stipulation that the depositions of two persons, taken in suits Nos. 1, 9, and 10, might be put in evidence by the defendants, in suits Nos. 2, 3, 5, and 6, "with the same force and effect as if" those two persons "were personally examined herein and testified as they have testified in said depositions;" and that the depositions of two other persons, theretofore taken in suits Nos. 1, 9, and 10, might "be read upon the final hearing," in suits Nos. 2, 3, 5, and 6, "with the same force and effect as if duly taken," in suits Nos. 2, 3, 5, and 6, "on the part of complainant." In suits Nos. 4 and 5 there was a stipulation that all the evidence taken in suit No. 3 "be admitted as evidence" in suits Nos. 4 and 5, "subject to all objections entered in the record" in suit No. 3, "with the same force and effect as if said evidence had been adduced" in suits Nos. 4 and 5; and that the evidence of two persons, theretofore taken in suit No. 10, "be admitted as evidence" in suit No. 5. In suit No. 6 there was a stipulation that the deposition of one person, taken in suit No. 3, be considered as taken in suit No. 6, "for the purposes thereof." In suit No. 7 an order was made, on consent of both parties, that all of the evidence theretofore taken on behalf of either party, in suits Nos. 2, 3, and 4, "be treated as evidence" in suit No. 7, on behalf of the party "who introduced and took the same" in suits Nos. 2, 3, and 4, "with the same effect (except on question of costs) as if duly taken" in suit No. 7. In suit No. 8 an order was made, on consent of both parties, that the proofs theretofore taken in suits Nos. 2, 3, 4, and 7 "be admitted as evidence for final hearing," in suit No. 8.

The defendants contend that, by these stipulations in the suits other than No. 7, it was agreed that the depositions should be treated in all respects as if taken in the respective suits into which they were admitted; that, independently of such agreement, the fee was taxable in all the cases in which the depositions were admitted in evidence; and that there is nothing in the stipulation in suit No. 7 which varies that rule.

In *Dedekam* v. *Vose*, 3 Blatchf. C. C. 77, in 1853, in this court, it was held by Mr. Justice NELSON and Judge BETTS, in an appeal in admiralty, that the fee of $2.50 could not be taxed for a deposition taken in the district court and read in evidence in this court, at the hearing, from the apostles.

In *Stimpson* v. *Brooks*, Id. 456, in 1856, in this court, it was held by Judge BETTS that the fee was not taxable for a deposition taken and admitted as evidence on the hearing of a motion for a preliminary injunction.

In *Troy Iron & Nail Factory* v. *Corning*, 7 Blatchf. C. C. 16, in 1869, in the circuit court for the Northern district of New York, it was held by Mr. Justice NELSON that the word "deposition," in the act of 1853, did not include oral testimony taken in court or before a master, and applied only to a deposition given in evidence on the trial of a case at common law, and to one read at the hearing of a suit in equity.

In *Jerman* v. *Stewart*, 12 FED. REP. 271, in 1882, in the circuit court for the Western district of Tennessee, it was stipulated between the parties that depositions theretofore taken in a suit in a court of the state might "be read and used in evidence on the trial" of the suit in the circuit court. Judge HAMMOND held that the fee of two dollars and fifty cents for each of them was taxable, on the ground that, under section 824, it was not necessary that the depositions should be formally taken, but it was sufficient if they were taken in any way and admitted in evidence; that the depositions stood, in all respects, as if taken in the usual way, except that the cost of retaking was saved; that the fee of two dollars and fifty cents was not a part of the cost of taking the deposition, but, like the docket fee, was an allowance to the attorney, as taxable costs, for his professional services in the case; and that, unless the agreement of the parties waived it, it was as much taxable as any other costs.

In *Green* v. *French*, 5 N. J. Law J. 228, in 1882, in the circuit court for the district of New Jersey, there was a stipulation that the testimony taken in the case should be used in 13 other cases. Under the stipulation, 95 depositions taken and admitted in evidence in the first case were used in the 13 other cases. Judge NIXON held that the fee of two dollars and fifty cents was taxable for each deposition in each one of the 14 cases.

The contention of the plaintiff here is, that the fee for a deposition cannot be taxed in any other suit than that in which it was taken; that it is not enough that the deposition is "admitted in evidence in a case," but it must be taken in the same cause; that the object of the stipulations and orders was to save the labor and expense of taking the depositions more than once; and that, therefore, they cannot be charged for as actually taken when they were not actually taken.

The question has been before this court. In *Simon* v. *Neumann*, the depositions of 38 witnesses, taken in another suit in this court, heard at a different time, were admitted in evidence, by virtue of a stipulation that "all the evidence taken for the final hearing," on both sides, in the other suit, "may be read on the final hearing herein, with the same force and effect as if taken herein." On taxation, the clerk disallowed the charge of $2.50 for each of the 38 depositions, and Judge WALLACE, in July, 1884, after hearing counsel for both parties, affirmed the taxation. No distinction favorable to the allowance of the fee can be taken between the case of *Simon* v. *Neumann* and the present cases, and it is proper that the ruling in that case should be followed as the law of this circuit, as the taxations in the

present cases, in October, 1884, were, as to this point, based on the ruling of this court in *Simon* v. *Neumann.*

3. *Copies of papers.* The following items in suit No. 1, for copies of papers, were disallowed:

| | | |
|---|---|---|
| 1. Copy deposition in *Magic Ruffler Case,* | $ | 1 25 |
| 2. Copy deposition Wooster, (from Gutman,) | | 5 70 |
| 3. Copy testimony Asa Wilmot, | | 14 60 |
| 4. Certificate of loss of deposition and copy deposition, (Gutman,) | | 3 60 |
| 5. Copy opinion, | | 3 00 |
| 6. Stenographer's minutes of argument and copy, | | 103 50 |
| 7. Copy testimony in interference, *Robjohn* v. *Pipo,* | | 47 50 |

The following items in suit No. 2, for copies of papers, were disallowed:

| | | |
|---|---|---|
| 8. Copy *prima facie* proofs, (Gutman,) | $ | 10 20 |
| 9. Copy of Carey's deposition, (Gutman,) | | 7 50 |
| 10. Copy of Kellogg's deposition, | | 5 75 |
| 11. Copy of Pipo's deposition, | | 5 00 |
| 12. Copy of part of testimony taken, | | 30 00 |

The following items in suit No. 9, for copies of papers, were disallowed:

| | | |
|---|---|---|
| 13. Copy deposition Wooster, from Gutman, | $ | 5 34 |
| 14. Copy of part of evidence before master, | | 4 80 |

Item 1 was obtained to be used in opposing a motion for a preliminary injunction. Items 2, 8, 9, 10, 11, 12, 13, and 14 were for copies of testimony taken on behalf of the plaintiff, either in chief or before the master, the copies being procured by the defendant so as to be informed of the contents and to be prepared to meet the evidence. Item 3 was for a copy of a deposition of a person, obtained for use on a motion made in suit No. 1, by the defendant, to open the proofs therein and allow the deposition of that person to be taken as a witness in suit No. 1, the object of procuring the copy being to show the relevancy of the evidence. Item 4 was a certificate from the examiner as to the loss of the deposition of a witness taken in suit No. 1, and a copy of a second deposition of the same witness taken in suit No. 1, the certificate and copy being obtained for use on a motion in reference to the lost deposition. Item 5 was for a copy of the opinion of the court given on the decision in favor of the plaintiff on the first hearing in suit No. 1, the copy being obtained for use by the defendant in settling the decree on that decision. Item 6: At the first hearing in suit No. 1, the defendant had no brief prepared, and the hearing proceeded, with leave to the defendant to send in afterwards a printed argument. To enable him to do this, he employed a stenographer to take down the oral argument for the defendant. Item 7 was for a copy from the files of the patent-office of the testimony in an interference case. Accompanying the motion for a rehearing in suit No. 1, there was a motion by

the defendant for leave to put in evidence the interference testimony, and such copy was part of the moving papers, on that motion. The motion was not granted.

The provision of section 983 is, that "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials, in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed" and "be included in" the "judgment or decree against the losing party." The papers must be not only for use "on trials," or, as the act of 1853 says, "on trial,"—that is, such trials and final hearings as are elsewhere spoken of, (for this provision came from the act of 1853, and must be interpreted in the light of the other provisions of that act,)—but the language implies that the copies must have been actually used on or in the trial or final hearing, (or, at least, obtained for such use under a rule or an order or a stipulation,) and the fact of such use, or the existence of such rule or order or stipulation, is evidence that the copy was "necessarily obtained for use." As section 983 relates to exemplifications and copies of papers, it covers that subject, and excludes all of that class which are not there provided for. It excludes papers used on interlocutory or preliminary or incidental motions or hearings. Copies of papers in the suit, obtained from the clerk, and otherwise properly taxable, are included in the provision, in section 983, for taxing "the bill of fees of the clerk." In these cases, the plaintiff did not object to certified copies from the clerk, of orders in the suits, required by the rules to be served.

In *Hathaway* v. *Roach*, 2 Woodb. & M. 63, 74, in 1846, in the circuit court for the district of Massachusetts, even before the act of 1853, Mr. Justice Woodbury disallowed a charge by the defendant for a copy of the plaintiff's patent, on the ground that it was not needed in order to be used as evidence by the defendant, but was wanted for preparation and argument.

In *Hussey* v. *Bradley*, 5 Blatchf. C. C. 210, in 1864, in the circuit court for the Northern district of New York, the expense of reporting for the court the argument on the final hearing was disallowed by Judge Hall (Mr. Justice Nelson concurring) because there was no agreement of the parties that the expense should be taxed.

Under the foregoing views, all of the above 14 items were properly disallowed.

4. *Traveling expenses of messengers and attorneys, and expense of box.* The following item in suit No. 1 was disallowed:

15. Expenses of messenger from patent-office with original models, - $25 00

The following items in suit No. 2 were disallowed:

16. Expenses B. F. Lee, Syracuse, - - - - - - $37 86
17. Expenses B. F. Lee, Wilkesbarre, - - - - 20 50
18. Expenses B. F. Lee, at Boston, - - - - - 70 83
19. Box for preserving exhibits in clerk's office, - - - 5 80
20. Expenses W. H. L. Lee, at Navesink, - - - - 2 00
21. Paid messenger from clerk's office, with exhibits, - - - 13 00

Item 15 was for the expense of a messenger in bringing from the patent-office, for use in opposition to a motion for a preliminary injunction in suits Nos. 1, 9, and 10, certain original filed models, with a view of showing that the original patents were invalid. Items 16, 17, 18, and 20 were for traveling expenses of the solicitor in attending to take testimony. Item 19 was for the cost of a box to preserve the exhibits in the clerk's office. Item 21 was for bringing from the clerk's office to the office of counsel, for use in taking testimony in suit No. 2, the exhibits and filed papers in suits Nos. 1, 9, and 10.

In *Hussey* v. *Bradley*, 5 Blatchf. C. C. 210, in 1864, in the circuit court for the Northern district of New York, Judge HALL (Mr. Justice NELSON concurring) disallowed the traveling expenses of counsel in attending court; and the expense of models and old machines used in evidence as exhibits, (which did not appear to be copies of models in the patent-office;) and the expenses of their transportation, and of taking charge of the same.

Item 15, being for use on a motion, cannot be classed as amounting to the use, as evidence in chief, of a copy of a model in the patent-office.

It is sought to maintain the propriety of allowing items 16, 17, 18, 19, 20, and 21, on the view that they were actual disbursements necessarily incurred in the exercise of the right of examining witnesses; and the cases of *Hussey* v. *Bradley*, 5 Blatchf. C. C. 212; *Dennis* v. *Eddy*, 12 Blatchf. C. C. 195; and *Gunther* v. *Liverpool, etc., Ins. Co.* 20 Blatchf. 390, S. C. 10 FED. REP. 830, are cited. In the first case, money paid for telegraphic dispatches, properly and necessarily expended in the progress of the suit, was allowed, on the same principle on which necessary and proper postages were allowed. In the second case, the cost of printing papers which a rule of court required to be printed was allowed, as a necessary disbursement, made by order of the court; and it was held that the act of 1853 did not prohibit the allowance of indemnity for such disbursements as were made necessary by an order of the court. In the third case, it was held that a disbursement of one dollar, paid for serving the summons by which a suit at law was commenced, was taxable as a necessary disbursement actually made, and taxable by virtue of the rules of the court, it having been so taxable prior to the act of 1853; and that section 983, relating to copies of papers, did not forbid the taxation of disbursements other than fees for such copies of papers. In this connection it may be noted, that section 5 of the act of 1853 provided as follows: "All laws and regulations heretofore made, which are incompatible with the provisions of this act, are hereby repealed and abrogated." But rules and regulations not so incompatible remained in force.

Items 16, 17, 18, 19, 20, and 21 were never taxable before or since the act of 1853.

5. *Machine exhibits.* The following items in suit No. 1 were disallowed:

22. Exhibit Carey Machine, -   -   -   -   -   - $ 23 20
23. Exhibit Wilmot First Ruffler; Exhibit No. 13, (Barney;) Exhibit
    Crosby & Kellogg Spring Blade Machine,   -   -   -   170 00
24. Rufflers Exhibit, (hinged, etc.,)   -   -   -   -   10 00

The following items in suit No. 2 were disallowed:

25. Ruffler Exhibits, -   -   -   -   -   -   -   - $ 5 00
26. Fanning machine,   -   -   -   -   -   -   - 66 25

These machine exhibits represented structures regarding which proof was given that they anticipated the plaintiff's patent, and the models enabled the oral evidence to be understood. But they were none of them models from the patent-office of the patented invention in suit. Items for exhibits of that character were taxed. Nor were any of the items disallowed procured under order or rule of court, nor was there any stipulation that they should be taxed. Such machine exhibits were not taxable before the act of 1853. *Hathaway* v. *Roach,* 2 Wood. & M. 63.

The cases of *Parker* v. *Bigler,* 1 Fisher, 285, in 1857, and *Woodruff* v. *Barney,* 2 Fisher, 244, in 1862, are to the effect that the items here in question cannot be allowed.

In *Hussey* v. *Bradley,* 5 Blatchf. C. C. 110, in 1864, in the circuit court for the Northern district of New York, Judge HALL held (Mr. Justice NELSON concurring) that the expense of copies of models in the patent-office, properly procured for use as a part of the evidence in the suit, might be allowed for, but that the expense of other models and machines was not allowable.

6. *Photolithographing exhibits.* The following item in suit No. 2 was disallowed:

27. Photolithographing exhibits,   -   -   -   -   - $17 75

These were not drawings from the patent-office, but were sketches introduced by witnesses in giving their evidence. They fall under the rule as to machine exhibits, as they were substantially of that character.

7. *Witness fees not paid.* The following items for witness fees were disallowed:

In suit No. 2, 3 witnesses, 1 day each,   -   -   -   - $ 4 50
  "   No. 3, 7   "   1   "   -   -   -   -   10 50
  "   No. 4, 6   "   1   "   -   -   -   -   9 00
  "   No. 5, 7   "   1   "   -   -   -   -   10 50
  "   No. 6, 7   "   1   "   -   -   -   -   10 50

These witnesses had not been paid their fees in these several cases, but had been paid their fees as witnesses in one or more of others of these cases.

The statute (section 983) allows the amount "paid" to witnesses to be taxed. In *Cummings* v. *Akron Cement, etc., Co.* 6 Blatchf. C. C. 509, and *Dennis* v. *Eddy,* 12 Blatchf. C. C. 195, as is clearly to be inferred, the witnesses had been paid, and the question was whether their

fees were taxable, inasmuch as it was not shown that they had attended on service of a subpœna.

If a party does not pay a witness either before or after he has testified, the presumption is that the debt is forgiven, unless the failure to pay is explained in such wise that the fee can be considered as if "paid," because both parties intend it shall be paid. Nothing of that kind here appears. Witnesses are generally paid in advance, or at the time, or soon afterwards, and where, as here, they are paid in one or more cases, and not in others, the evidence is strong that they are never to be paid, especially where the lapse of time is so great, as here, between the rendering of the service and the taxation.

The objections taken by the plaintiff to the allowance of items which were allowed will next be considered.

8. *Depositions of witnesses sworn in more cases than one.* In suits Nos. 1, 9, and 10 there was but one record of proofs, and each witness on both sides was sworn in each of the three suits; and his deposition was written down only once, and was entitled in the three suits. The same is true as to suits Nos. 2, 3, 5, and 6, except that a few depositions taken in other cases were admitted by stipulation. The record in suit No. 4 was the same as that in suits Nos. 2, 3, 5, and 6, a part of it being admitted by stipulation from other cases, and, as to the rest, each witness being sworn in this case, and in each one of suits Nos. 2, 3, 5, and 6, and his deposition written down only once, and entitled in the five cases. In the bills of costs as taxed, the clerk allowed a deposition fee to the solicitor of two dollars and a half for each witness in each case in which his deposition was entitled, although in suits Nos. 1, 9, and 10, as a group of titles, the testimony of the witness was written down but once, on one direct and one cross-examination for all three cases, and in suits Nos. 2, 3, 4, 5, and 6, as a group of titles, the testimony of the witness was written down but once, on one direct and one cross-examination, for all five cases. The plaintiff contends that there should be but one deposition fee of two dollars and a half for each witness, for each writing down of his testimony. His objection covers the following number of depositions taxed: Suit No. 1, 18; suit No. 3, 42; suit No. 4, 14; suit No. 5, 39; suit No. 6, 40; and suit No. 9, 19; in all, 172, at $2.50 each, $430.

The language of section 824 is, "for each deposition taken and admitted in evidence in a cause, two dollars and fifty cents." The act of 1853 said, "in the cause." Each of the depositions allowed for was taken and admitted in evidence in each suit in which it was entitled. It was for the parties to agree that the fee should be taxed but once for the group of cases, if that was to be the rule. Otherwise, the fee was taxable, because the deposition was taken in each case, and admitted in evidence in each case, although the writing was not repeated for each case. Where several cases are heard at the same time, on one argument, a docket fee is always taxed in each case.

9. *Fees paid the same witness in more than one case.* In the cases

mentioned in clause 8, above, where the witness was sworn in several cases at once, but his deposition was taken in all of them at the same time, by being written down once, as given, under the titles of all of the several cases, the defendants paid the witness his lawful witness fees in each one of the several cases in which his deposition was entitled, to the same extent they would have done if his deposition had been written down separately for each of the cases. The clerk taxed the fees so paid. The plaintiff objects to the taxation. The amounts objected to are, in the several suits, as follows: No. 3, $75; No. 4, $18; No. 5, $73.50; No. 6, $75; No. 9, $42; No. 10, $42.

By section 848, a witness is allowed one dollar and fifty cents for each day's attendance in court, or before an officer pursuant to law. This necessarily means that he is entitled to that in each suit in which he attends. The same section makes special provision for the case where a witness is subpoenaed "in more than one cause between the same parties, at the same court;" thus leaving the case where he attends in more than one cause between different parties, or where only one of the parties is the same, to be regulated by the general provision, in the absence of any rule of court, or special order, or stipulation of parties. This view was held in *Parker* v. *Bigler*, 1 Fisher, 285, in 1857, in the circuit court for the Western district of Pennsylvania, by Mr. Justice GRIER.

10. *Certified copies of papers put in evidence.* The clerk allowed, on taxation, the disbursements paid for various copies of papers put in evidence by the defendants, and forming part of the record for final hearing. They comprised documentary exhibits not from the patent-office; documentary exhibits from the patent-office, (other than patents,) but which were not part of the file wrapper and contents of the patent sued on, and not assignments affecting the plaintiff's title to that patent; and certified copies of patents other than the one sued on, which did not affect the plaintiff's title to that patent, and were not mentioned in the bill of complaint. One of the above items was for drawings from the patent-office, to bind with the printed record, being drawings of patents and drawings in file wrappers. They pertained to the text in the record, and fairly come under the head of the printing required by the rule. All of the above items were taxable. They were, under section 983, "copies of papers necessarily obtained for use," being put in evidence, and there being no order rejecting them as evidence.

11. *Incompetent and immaterial testimony.* Under the provision in rule 67 in equity, that "the court shall have power to deal with the costs of incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just," the plaintiff, now, for the first time, on an appeal from the taxation of costs, applies to the court to declare certain depositions to be incompetent and immaterial. This is done on an affidavit made by the counsel for the plaintiff, more than a month after the costs were taxed, setting forth that, in his opinion, certain

depositions, evidence, and exhibits introduced by the defendants are incompetent or immaterial, and the cost of introducing and printing them should not be charged against the plaintiff. He specifies 18 different items. The counsel for the defendants makes an affidavit expressing a contrary opinion. Under this state of facts, it is a sufficient ground for denying the application, that the plaintiff did not, at or before the final hearing in June, 1884, or before the taxation of costs, move to strike out the evidence in question. Whatever objections may have been taken to any of the testimony at the time it was introduced, (and only such objections could be considered, in any event,) they were waived by the laches. It results that the taxations are all of them affirmed, except that, in each of the suits Nos. 1, 9, and 10 a docket fee of $20 is to be added.