## MONAHAN v. GODKIN.

(Circuit Court, E. D. Wisconsin. March 7, 1900.)

COSTS—COPY OF TESTIMONY FOR USE ON APPEAL.

A copy of testimony taken on the trial of an action at law by a stenographer under a stipulation, which is obtained by a party for the purpose of preparing a bill of exceptions, is not "obtained for use on the trial," within Rev. St. § 983, and the expense of such copy is not taxable as costs.

At Law. On exception to disallowance by the clerk, in the taxation of defendant's costs, of an item for the expense of a copy of the testimony taken under stipulation by a stenographer, being the testimony at a former trial, obtained by the defendant for preparing a bill of exceptions for the purposes of a writ of error, on which the former judgment in favor of the plaintiff was reversed.

C. W. Felker and George Hilton, for complainant.
Winkler, Flanders, Smith, Bottum & Vilas, for defendant.

SEAMAN, District Judge (after stating the facts). No provision exists for taxation of the item in question, unless it comes within the allowance authorized by section 983 for "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable." The trial referred to is the trial at law or final hearing in equity in the trial court, as well defined by Mr. Justice Blatchford in Wooster v. Handy (C. C.) 23 Fed. 49, 60, and not a hearing on appeal or writ of error. Requirement of a copy of the testimony for the purpose of preparing a bill of exceptions is not a requirement for use on the trial as thus defined. The mere fact of a stipulation by the parties to have the testimony on the trial taken by a stenographer cannot operate to make the expense of a transcript of the notes taxable as costs, without express stipulation to that effect. The item was properly rejected. The William Branfoot, 8 U. S. App. 129, 138, 3 C. C. A. 155, 52 Fed. 390; Wooster v. Handy (C. C.) 23 Fed. 49, 60, 64; Gunther v. Insurance Co. (C. C.) 10 Fed. 830; Kelly v. Railway Co. (C. C.) 83 Fed. 183, 187. The exceptions on behalf of the defendant are overruled, and the taxation affirmed as allowed by the clerk.