## THE LAFCOMO.

District Court, S. D. New York.
March 9, 1946.

880

See also 64 F.Supp. 529.

George C. Sprague, of New York City, for libelant.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for claimant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, advocate), for respondent.

CAFFEY, District Judge.

These are separate motions by the libelant and by the respondent for the re-taxation of costs. The libelant's motion will be considered first.

The libelant objects to the exclusion by the Clerk of the Court of an item of $287.18, described as "Cost of model of foredeck of vessel used on trial, Exhibit 23." It argues that the model was "necessary for the trial of the case in order to give the trial court a visual idea (1) of the effect of the stowage of the cargo on the deck plates, obstructing, as it did, most of the means provided for run off of the water from the deck, and (2) of the feasi-bility of stowing the pips on the tops of hatches 1 and 2, three feet above the deck plates, where they would have been above the water."

The suit was for damage caused by sea water to a large quantity of lily of the valley pips shipped in cases and stowed on the deck plates of the fore deck of the "Lafcomo" instead of on the tops of Nos. 1 and 2 hatches (which were three feet above the deck plates), where the libelant claimed, and where the trial court found, they should have been stowed. This question, whether the place of stowage was proper, seems to have been the principal question litigated, experts being called by both parties. There seems to have been no dispute as to the place of stowage, the height of the stow, the distance between the sides of the stow and the bulwarks, or the number and height above the deck (fifteen inches) of the drainage openings in the bulwarks.

The "Lafcomo" was a Hog Island vessel of the well deck type. Why a model of its fore deck and the cases of pips stowed on its deck plates should have been necessary for the trial of the case is not apparent. It may have been helpful but certainly not necessary. The actual situation could have been clearly presented by oral testimony. The fact that the model was used in connection with the examination of the experts and was referred to by the trial judge in his opinion does not prove that it was necessary.

While taxation of the cost of a model has been allowed in this circuit in some patent cases, it was only where "it was practically impossible for the trial court to get a visual idea of the operation" of the patent without the model (Victor Talking Machine Co. v. Starr Piano Co., 2 Cir., 281 F. 60, 66), or where the model was "necessary in order to have the Court understand what may otherwise have been on the record, but what would have been incomprehensible to the inexpert mind." Appliance Inv. Co. v. Western Electric Co., 2 Cir., 61 F.2d 752, 756. Moreover, in Cornelly v. Markwald, C.C.S.D.N.Y., 24 F. 187, Judge Wallace held that the cost of a model of defendant's infringing machine was not taxable.

The exclusion by the Clerk of the model is approved.

The respondent objects to the inclusion by the Clerk of $8.05 in the item of $117.55 in libelant's bill of costs, de-

scribed as "Department of State—Cost of taking 5 depositions at Rotterdam, Exhibit 5." This $8.05 is one-third of the cost of cables between the State Department and the U. S. Consul at Rotterdam in connection with the execution of a commission to take testimony. The respondent argues that this is no more taxable than postage. It was, however, an actual disbursement in connection with the commission and, therefore, taxable. Cables, telegrams and long distance telephone calls have never been placed in the same category as postage. The inclusion by the Clerk of the cable item is, therefore, approved.

The respondent further objects to the inclusion in claimant's bill of costs of two items, viz.: (1) a proctor's fee of $52.50 for 21 depositions used on the trial, at $2.50 per deposition, and (2) $4,497.50 for premium on claimant's stipulation for value and costs.

As to the $52.50, respondent contends that, having been included in libelant's costs, it is unjust that it should also be included in claimant's costs. But the decree of the trial court awarded costs to the libelant against both respondent and claimant and also awarded costs to the claimant against the respondent. Two separate bills of costs were evidently contemplated. If the item was properly includible in libelant's bill, and to this respondent consented, it was likewise properly included in claimant's bill, just as much as the item of "proctor's docket fee, $20.00," is properly includible in both bills.

The situation is somewhat analogous to that in Wooster v. Handy, C.C.S.D.N.Y., 23 F. 49, 63, where proctor's fees for taking depositions were allowed in each of several cases, tried together, the depositions being admitted in evidence in each case although written out in only one.

The action of the Clerk in including this item is, therefore, approved.

As to the $4,497.50, it appears that the proctors for the respondent and for the claimant agreed that, if respondent should be held primarily liable and claimant secondarily liable (as was the case), claimant might tax costs against respondent with the same force and effect as if claimant had filed a petition impleading respondent as the party allegedly ultimately liable, with a corresponding reciprocal right in respondent as against claimant. But there was no agreement as to what costs could

be taxed. Despite this agreement respondent insists that these bond premiums should not be taxed against it because it did not bring the "Lafcomo" into the case and, in fact, as it appears to have learned subsequently, could not have done so, for the "Lafcomo" was sold, almost directly after the institution of the suit, to French interests and it was not known where she went or what became of her.

The agreement, however, was not conditioned upon the actual bringing in of the claimant by the respondent, or upon the latter's power to do so. Apparently regardless of any agreement, the trial court awarded costs to claimant against respondent. It is not contended that these bond premiums are not a proper taxable item. The action of the Clerk in including the item is, therefore, approved.

Settle order accordingly on two days' notice.