## Case No. 17,986.

WOODRUFF et al. v. BARNEY et al.

[1 Bond, 528; 2 Fish. Pat. Cas. 244.] [1]

Circuit Court, S. D. Ohio. Feb. Term, 1862.

COSTS IN PATENT CASES — MODELS AND COPIES — FEES OF WITNESSES.

1. The words "pursuant to law," in the act of February 26, 1853 [10 Stat. 161], are equivalent to the word "summoned," in the act of February 28, 1799 [1 Stat. 624], and, in both cases, import that witnesses who attend without being summoned, are voluntary witnesses, whose fees can not be taxed against the losing party.

[Cited in Spaulding v. Tucker, Case No. 13,-221; Haines v. McLaughlin, 29 Fed. 70. Disapproved in The Vernon, 36 Fed. 116; Dennis v. Eddy, Case No. 3,793; U. S. v. Sanborn, 28 Fed. 303.]

[Cited in Alexander v. Harrison, 2 Ind. App. 52, 28 N. E. 121; Meagher v. Van Zandt (Nev.) 2 Pac. 58.]

2. If a witness, whose residence is not at the place of holding court, is summoned at the place of trial, he is allowed mileage for returning to his home, but not for coming to the court; and by a liberal construction of the statute, return travel has been allowed, even beyond the limits of the district for which the court was held.

[Cited in Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282.]

3. Models of the invention described in the plaintiff's patent, and procured by the defendant in good faith, may be included in the taxation of costs, but not other models.

[Cited in Wooster v. Handy, 23 Fed. 62. Followed in Cornelly v. Markwald, 24 Fed. 187. Cited in Ryan v. Gould, 32 Fed. 754.]

4. Copies of patents, either that of the plaintiff or others, procured by the defendant, can not be taxed as costs to the plaintiff.

[This was a suit by Theodore T. Woodruff. John S. Miller, Orville W. Childs, and George R. Dykeman against Elam E. Barney, C. Parker, S. F. Woodsum, and J. A. Tenney. Heard on motion to retax costs.]

George E. Pugh, for plaintiffs.
T. D. Lincoln, for defendants.

LEAVITT, District Judge. On the part of the plaintiffs in this case, a motion is made

[1] [Reported by Lewis H. Bond, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission.]

to retax the costs, by striking from the cost-bill the charges for mileage to such of the defendants' witnesses residing out of this district, and more than one hundred miles from Cincinnati, as attended at the request of the defendants, and without service of process requiring their attendance. And the defendants move for a retaxation, by which they may be allowed for expenses incurred in procuring certain models and copies of patents deemed necessary in their defense.

The plaintiffs' motion will be first considered. It presents simply the question whether a party, against whom a judgment for costs has been entered, is chargeable with the mileage of the witnesses who have attended without being summoned by legal process.

The facts necessary to notice, and about which there is no controversy, are, that the suit was brought for alleged infringements of four different patent rights for distinct improvements in railroad sleeping cars, of which the plaintiffs had the title by assignment from the patentee. The defendants, by their pleas, put in issue, not only the infringements charged, but also the novelty of the different patented improvements. The case was on the docket for trial at the last December term, and, by arrangement between the counsel, was continued to, and especially assigned for trial, on the first day of the last June term. When called for trial at that term the plaintiffs entered a discontinuance of the suit, and a judgment was rendered against them for costs, in the usual form. A large number of witnesses, residents of the city of New York, and perhaps other places outside of this district, were in attendance at the December and June terms, on behalf, and at the request of the defendants, without being summoned, either out of, or within the district. At each of those terms, these witnesses proved their attendance before the clerk; and in taxing the costs against the plaintiffs, mileage is allowed to them at both terms, for travel in coming to and returning from Cincinnati, the place of holding the court. There is no reason to doubt that these witnesses attended in good faith. It appears satisfactorily to the court, that their testimony was deemed material by the distinguished counsel for the defendants, by whose advice they were requested to attend.

The subject of costs in cases at law, in the courts of the United States, is wholly governed by statute, and is not dependent on the discretion of the judges of those courts. Section 6 of the act of congress of February 28, 1799 (1 Stat. 626), after providing that jurors shall receive a per diem compensation for their attendance, and fees for traveling at the rate of five cents per mile from their place of abode to the place of holding court and the like sum for returning, closes with this provision: "To the witnesses summoned in any court of the United States, the same allowance as is provided for jurors." In the case of Dreskill v. Parish [Case No. 4,075], it was held by this court, under the act of 1799, that the fees of a witness who voluntarily appeared without subpena could not be taxed to the losing party in the case. Judge McLean, who gave the opinion of the court, says: "If he (a witness) attend voluntarily, or without summons, his fees can not be taxed against the losing party. The attendance, if not summoned, is voluntary." And again: "The service must be made by the marshal, or one of his deputies. As no such service was made on the witnesses above named, their per diem and traveling expenses can not be charged to the defendant, but must be taxed to the party summoning them." In a case between the same parties [Id. 4,076], the same question arose and was decided in the same way.

But it is insisted by the counsel for the defendants, that the above cases were decided under the old law, and that the act of 1853, under which the taxation in the present case was made, is different in its terms, and justifies a different construction. There can be no doubt that the latter act must control the question before the court. It provides, in section 1, that the fees which it allows to the various officers and persons named, shall be "in lieu of the compensation now allowed by law;" thus virtually repealing the act of 1799, so far as it regulates the fees and compensation of those referred to. The provision of the act of 1853, relating to witnesses' fees, is in these words: "For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents per mile for traveling from his place of residence to said place of trial or hearing, and five cents per mile for returning." Thus it will be seen that the diversity in the phraseology of the act of 1799 and the act of 1853 is this: by the former act, witnesses summoned to attend court were entitled to a certain per diem compensation, and mileage to and from the place of holding court; and by the latter act, they are allowed, "for each day's attendance in court, or before any officer pursuant to law," mileage at the rate of five cents per mile in going to and returning from court. But clearly, the language of the two sections is of the same legal import. In the one, is required expressly the service of a summons; in the other, the witness must attend "pursuant to law." Now, by every just rule of grammatical construction, these words must be held to apply, both to witnesses attending a court, and to those attending before an officer having authority to summon witnesses. In either case, to entitle them to compensation, they must attend, pursuant to law, and not merely on the request of a party without process. The words of the act of 1853 are more comprehensive than those used in the old

law, and were adopted to supply an obvious omission in that law. The old law did not provide for the case of a witness attending before a master in chancery, commissioner, or other officer, authorized for any purpose to call witnesses before him; nor did it provide for a witness attending before a court, under a recognizance by which he was legally bound to attend. These cases are plainly embraced in the act of 1853. But clearly there is not a word in that act, from which, by any just reasoning, it can be inferred that a witness who voluntarily attends, can claim per diem compensation, or allowance for traveling.

The case of Whipple v. Cumberland Cotton Co. [Case No. 17,515], referred to by the counsel for the defendants, does not sustain the taxation of the witnesses' fees in the case before the court. The decision of Judge Story was to the effect, that if a material witness for a party residing in another state, or more than one hundred miles from the place of holding court is summoned to attend court, his travel may be allowed and taxed to his place of residence. This rule was also recognized by Judge Woodbury, in Hathaway v. Roach [Id. 6,213]. In these cases, however, the witnesses were actually served with process requiring their attendance, though it does not appear in the reports whether they were summoned within or without the district. And this accords with the practice in this court. If a witness whose residence is not at the place of holding court is summoned there, he is allowed mileage for returning to his home, but not for coming to the court. And, by a liberal construction of the statute, return travel has been allowed, even beyond the limits of the district for which the court was held. But it has never been held by this court or any other, that the fees of a witness attending merely by the request of a party, without subpena, can be legally taxed against the losing party, as a part of the costs for which he is liable. Such a witness, under the act of 1799, is not "summoned," and under the act of 1853 does not attend court "pursuant to law."

The construction contended for by the defendants' counsel would not only conflict with the plain reading of the acts referred to, but would open the door to great abuses. If a party in any case could, by mere request, procure the attendance of any number of witnesses, from remote parts of the country, and tax their travel to his adversary in case the judgment was against him, he would not only be subject to a ruinous amount of costs, but might be taken wholly by surprise at the trial. No process having been ordered to procure the attendance of the witnesses, he could not anticipate their presence, and would have no means of contradicting or counteracting their evidence. There is no principle of public policy or justice justifying such a practice. If a witness resides out of the district in which the court is held, or at a greater distance than one hundred miles from it, the act of congress authorizes his deposition to be taken and used on the trial. It is undoubtedly true that it is often desirable to have the personal presence of a material witness, as the oral examination before the court and jury is more satisfactory than his testimony presented in the form of a deposition. But this is for the benefit of the party who wishes the testimony thus exhibited. He can not, however, avail himself of this benefit at the expense of his adversary. If he brings witnesses into court without process, he must pay them for their attendance. He may relieve himself from this burden in part at least, by causing them to be served with process after they come within the district. This, however, the defendants, for reasons best known to themselves, failed to do, and the witnesses, therefore, who attended, can be regarded only as mere volunteers, and their fees can not be taxed against the plaintiffs as a part of the legal costs. The plaintiffs' motion to retax is therefore sustained, and the fees of these witnesses will be excluded from the taxation.

I have yet to consider the motion by the defendants, to include in the taxation the expense of procuring models of sleeping cars, and copies of patents from the patent office. These, it is insisted, were necessary for their defense, and were obtained by them in good faith; and that they should be indemnified for this outlay. The issues presented by the pleadings were no doubt numerous and somewhat complicated, by reason of the number of distinct improvements, which were claimed as embraced in the four patents held by the plaintiffs. The novelty of all these improvements was in issue, under the various notices given by the defendants, and it was, doubtless, necessary, in sustaining their defenses against the alleged infringements, to exhibit these models to the jury. It would materially assist them in coming to a conclusion as to the novelty of the claims of the patents. The defendants allege that they procured these models at an expense exceeding six hundred dollars. Can this be taxed to the plaintiffs as a part of the legal cost in the case? There is no statutory provision by which such an expenditure is taxable as costs; and it is perhaps within the discretion of the court to tax them, if necessary to the processes of justice. It does not occur to me that this question has before been presented for the decision of this court. Nor are any authorities referred to, which sustain the claim of the defendants' counsel to the extent urged by them. It is obvious that it would subject litigants in contested patent cases to onerous burdens, if either party was permitted, ad libitum, to procure models, and tax his unsuccessful adversary in the case with the entire expense. I am not

aware that any of the courts of the United States have given any sanction to such a principle. The case of Hathaway v. Roach [supra] is referred to by counsel, but clearly it does not sustain the claim of the defendants in this motion. That was an action for the infringement of the plaintiff's exclusive right to certain improvements in a stove, for which a patent had been granted. The defendant had procured several models of stoves, to be used on the trial, and the expense of these had been taxed in the bill of costs. Judge Woodbury held, that so far as these were models of stoves described in the plaintiff's patent, as the plaintiff was not bound to exhibit them, it was proper for the defendants to produce them to be used on the trial. To that extent he held, that the expense was properly carried into the taxation of costs. These models, the learned judge remarks, were likely to be beneficial in explaining the patent, and were competent evidence of its coincidence or difference compared with other stoves, as they related to the doings of the plaintiff himself on the subject of his patent. The judge proceeds to say: "If other models are taxed, I do not think them proper items for the bill of costs, any more than the drawings of other patents procured, or the books which describe them; they all being rather arguments than proofs."

I concur with Judge Woodbury in the case cited. It is reasonable and just, that so far as the defendants in this case have, in good faith, procured models of sleeping cars, or improvements therein, embraced in the four patents, for the infringement of which the plaintiffs have brought suit, they should be indemnified, and to that extent the expense of the models may be included in the taxation. The court is not informed how many, if any, of the models procured by the defendants, fall within the rule prescribed. If necessary, it can be referred to a competent expert to inquire and report, as to the number and cost of the models procured by the defendants, which correspond with the improvements described in the plaintiffs' patent, and are claimed by the patentee as his inventions.

As to the copies of patents obtained by the defendants from the patent office, I do not know of any principle or any precedent by which the expense can be taxed as costs in the case. I am not aware of any case in which it has been allowed in this court, nor of any authority which sanctions it. If the motion now made includes the expense of copies of the plaintiffs' patent, it can not be allowed, for the obvious reason that the plaintiffs are bound to exhibit these as a necessary part of their evidence, and there could be no necessity that the defendants should procure them. If they are copies of patents for other improvements, not included in the patents held by the plaintiffs, they are clearly within the decision of the court in the case of Hath-

away v. Roach, before referred to, and the expense must be excluded from the cost-bill. If the defendants deemed these copies necessary in making their defense, the plaintiffs can not be held chargeable with their cost. It is possible that there may be circumstances, which being made known to the court before the trial of the case, an order would be made authorizing the procurement of copies of patents or other documents, the cost of which might be taxed in the case, to await the result of the trial. Without such previous order, I am clear, they can not be properly included in the taxation. This part of the defendants' motion is therefore overruled.