## Case No. 6,946a.

### HUSSEY v. BRADLEY et al.

### [5 Blatchf. 210.] 1

Circuit Court, N. D. New York. March, 1864.

PATENTS — INFRINGEMENT — TAXATION OF COSTS AND EXPENSES IN SUIT IN EQUITY.

1. In a suit in equity, for the infringement of letters patent, the expenses of the plaintiff for court expenses, in attending court, for the hearing, and the expenses of his counsel to the place of the sitting of the court and back, on a motion to modify the decree, are not proper items of taxation, as part of the plaintiff's bill of costs against the defendant, on a decree in favor of the plaintiff, on final hearing.

[Cited in Wooster v. Handy, 23 Fed. 61.]

2. Nor are the expenses of printing pleadings, abstract of pleadings, testimony and briefs, and of lithographing drawings used on the final hearing, proper items of taxation, it not being shown that such expenses were, by agreement of the parties, to be charged as costs in the cause, or were incurred under an order or rule of the court.

[Cited in Baker v. Howell, 44 Fed. 114; Gird v. California Oil Co., 60 Fed. 1011.]

3. The amount paid for telegraphic despatches in the suit is allowable, if shown, by affidavit, to have been properly and necessarily expended.

[Cited in Kelly v. The Topsy, 45 Fed. 487.]

4. The amount paid for copying papers to be used in the suit is not allowable.

[Followed in Dennis v. Eddy, Case No. 3,793.]

5. The expense of reporting for the court the argument of the plaintiff's counsel on final hearing, is not allowable, in the absence of any agreement by the parties that it shall be taxed.

[Cited in Gunther v. Liverpool, L. & G. Ins. Co., 10 Fed. 830; Wooster v. Handy, 23 Fed. 60.]

6. The expense of such models as are copies of models deposited in the patent office, and as were properly procured for use as a part of the evidence in the cause, is allowable; but the expense of making and transporting other models and machines is not allowable.

[Cited in Wooster v. Handy, 23 Fed. 62; Cornelly v. Markwald, 24 Fed. 187.]

In this case, which was a suit in equity, for the infringement of letters patent [No. 5,227], the plaintiff [Eunice B. Hussey, administratrix of, etc., of Obed Hussey, deceased], having obtained a decree on final hearing [Case No. 6,946], embraced in her bill of costs the following items, which were objected to by the defendants [Christopher C. Bradley and others], on taxation: (1.) Expenses of plaintiff in attending court at Albany, in October, 1862, when the hearing of the cause was transferred to New York, being for court expenses only, $17.59. (2.) Paid for the following named models and exhibits, used in evidence by the plaintiff, on the final hearing, the following sums, namely: Finger beam, and iron guard fingers having no caps, marked Exhibit A 1, and scolloped cutter, marked Exhibit A 2, blades flush on underside, bevelled on upper side, $58.00. Finger beam, and iron guard fingers having flexible hoop iron caps, marked Exhibit A 3, and also cutter marked Exhibit A 7, $58.00. Finger beam used with Moore's (big harvester) fingers, marked Exhibit A 4, $20.44. Moore's (big harvester) fingers used with Exhibit A 4, marked Exhibit A 5, $1.00. Finger beam and guard fingers with cross bearings, (Hussey's,) marked Exhibit A 6, $20.00. Model of Hussey's cutting apparatus of 1847, embodying the improvement claimed in reissues 449, 742, and 917, marked Exhibits A 11 and A 12, $23.16. Model of Hussey's cutting apparatus of 1833, as described in patent of 1847, No. 5,227, marked Exhibits A 13 and A 14, $23.16. Cutting apparatus of the Whiteley machine sold to John Baird, marked Exhibit A 19, $115.00. Guard finger of the Allen machine of 1862, marked Exhibit 1 A B A, $20.00. Cutting apparatus of defendants' combined machine, marked Exhibit A No. 157, $21.50. Cutting apparatus of defendants' mowers, marked Exhibit No. 431, $21.00. Paid for transportation of models and exhibits used in evidence, and for taking charge of the same for the court, $79.45. (3.) Paid for printing pleadings and testimony, and for lithographing drawings used on the final hearing, 362 pages, $745.00. Paid for printing abstract of pleadings, also brief and supplemental brief on hearing,

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

$77.00. (4.) Paid for telegraphic despatches in the suit, $19.46. (5.) Paid for copying papers to be used in the suit, $7.00. (6.) Expenses of counsel to Cooperstown and back, on motion to modify the decree, $39.45. (7.) Paid for copying papers to be used in the suit, and which were used therein, $21.23. (8.) Expenses of reporting argument on final hearing, for the court, $250.00.

Before NELSON, Circuit Justice, and HALL, District Judge.

HALL, District Judge. In regard to the 1st and 6th items, there can be no doubt that they must be disallowed. The 3d item also must be disallowed. It is not shown that the printing charged for was done by the consent of the parties, and under an agreement that the expense thereof should be charged as costs in the case, or that any order or rule of court, either special or general, required or authorized the printing of the papers for the printing of which these charges were made. In Brooks v. Byam [Case No. 1,949], where the record had been printed by order of the court, and the bill was dismissed without costs to either party as against the other, the court directed the costs of such printing to be equally divided between, and paid by, the parties. This was, however, on the ground that the expenditure had been ordered by the court and was considered to have been incurred for the benefit of both parties. I am much inclined to think that the circuit court ought to adopt a rule that, in all equity cases, the papers necessary to be examined by the court on the hearing shall be printed, and to provide for the taxation of the expense as part of the costs of the cause; but, until this is done, the costs of such printing, in the absence of any agreement of the parties or order of the court, should not be taxed.

The 4th item, being the charge for money paid for telegraphic despatches, if the amount is shown to have been properly and necessarily expended in the progress of the cause, should be allowed. This charge is properly taxable, upon the same principle as that which allows the taxation of necessary and proper postages,—Prouty v. Draper [Id. 11,447]; but the affidavit showing the actual expenditure should state the payments in detail and the particular purpose of each telegram, so that the taxing officer may judge of the necessity and propriety of the expenditure and of its allowance on taxation, as a proper disbursement in the suit.

The 5th and 7th items should be disallowed. There is nothing in the charge, or in the affidavit annexed to the bill of costs, to show that this charge is not made for the copying in the solicitor's office, or by a copyist, of the pleadings or proofs in the cause; and, although the costs allowed by the fee bill are entirely inadequate, the copying of such papers being, in the ordinary course of

practice, a part of such solicitor's proper business, as such, no expenditure for making such copies can be taxed.

The 8th item, also, must be disallowed. The expenses of reporting the argument of the plaintiff's counsel cannot be taxed against the defendants, as costs of the cause, in the absence of any agreement of the parties that such expenses shall be taxed.

The items charged under No. 2, for models and old machines, or parts thereof, and the expenses of their transportation, &c., require more consideration. The expenses of a certified or sworn copy of a model from the patent office might, under some circumstances, be properly allowed; and, as a general rule, the expense of procuring other models or machines ought not to be taxed. In Hathaway v. Roach [Id. 6,213], Judge Woodbury, after argument by able counsel, said, in a well considered opinion, in respect to charges for models procured and used by the defendant in that case: "If these were models of the stoves described in the plaintiff's patent, it is my opinion, contrary to that of the counsel for the defendant, that the plaintiff was not bound by any law to produce them. The defendant might then properly and usefully obtain them. They were likely to be beneficial in explaining the patent, and were competent evidence of its coincidence or difference, compared with other stoves, as they related to doings of the plaintiff himself on the subject of the patent. For such models the defendant ought, therefore, to be allowed a 'reasonable compensation.' * * * If other models are taxed, I do not think them proper items for the bill of costs, any more than the drawings of other patents procured, or the books which describe them, they all being rather arguments than proofs." I have not been able to find any other reported case bearing upon this question, and none was referred to on the argument. Upon the best consideration I have been able to give to the question, I am of the opinion that the allowance for the expense of models should be confined to such as are copies of models deposited in the patent office, and as were properly procured for use as a part of the evidence in the cause. As there is no proof to show that the models or machines charged for are within this rule, the charges therefor should be disallowed.

It may, perhaps, in this and in many cases, be important to a party to produce the whole or a part of an old machine, or a model of some machine, for the illustration or the better understanding of the testimony. But general rules for the taxation of costs should, if possible, be established; and any general rule which should allow the taxation of such expenditures as are charged for models and machines in this case, might, in many cases, be in the highest degree oppressive. A farmer or a me-

chanic, in moderate circumstances, who should use a patented invention under a license which he supposed valid, or use a patented machine which he supposed was sold by one having full right to make and vend the same, might be ruined by the allowance, in a suit brought against him, of such costs as are claimed in this case, while such models and machines might be used by the plaintiff as evidence in a large number of other suits brought to enforce his rights under the same patent. If any allowance should be made to a plaintiff for such expenditures, it may be made, in suits at law for infringements, by the exercise of the authority of the court to treble the damages; and, in suits in equity, where the plaintiff is entitled to the whole profits made by the defendant in consequence of the infringement complained of, it would not be equitable, in ordinary cases, to. allow such expenses, as part of the taxable costs.

[A similar action was decided in Case No. 6,948. An injunction was issued restraining certain defendants from infringing said patents in Case No. 6,950.]