EDMUND WILSON v. THE PONTIAC, OXFORD AND PORT AUSTIN RAILROAD COMPANY.

*Mistrial—Prolixity of record.*

1. Mistrial occurs where the jury say that they do not know, in answer to special questions that under the charge and evidence are material to the issue.

2. Prolixity in the record of a case at law was punished by allowing no greater number of pages to be taxed for than would have been enough to contain the case.

Error to Lapeer. (Stickney, J.) May 6.—June 3.

ASSUMPSIT. Defendant brings error. Reversed.

*Aug. C. Baldwin* (*Baldwin, Draper & Jacokes*) for appellant. The finding "unknown to the jury" is not a special finding: *Cole v. Boyd* 47 Mich. 98; *Crane v. Reeder* 25 Mich. 313; *Harbaugh v. Cicott* 33 Mich. 242; *Foster v. Gaffield* 34 Mich. 356; and justifies a new trial: *Darling v. West* 51 Ia. 259.

*Moore & Bentley* and *H. Geer* for appellee.

SHERWOOD, J. The plaintiff brought an action upon the common counts in assumpsit against the defendant to recover for a balance due him for timber and plank claimed to have been sold and delivered to defendant and used by it in the construction of its road.

Plaintiff claimed to have made the contract with defendant's chief and assistant engineers, and to have received payments from time to time on his contract from defendant's paymaster. The defense was the general issue and set-off. In the circuit plaintiff introduced evidence tending to show that he had entered into contracts with one Ironside, as assistant engineer, with the approval of one Howard, as chief engineer of defendant company, and also of receiving payments from one Carroll as paymaster of defendant company. He also introduced proof tending to show delivery and value of the timber and plank as sold and delivered.

To meet this case made by the plaintiff the defendant proved the execution of a contract by its president and secretary, under its corporate seal, entered into previous to the delivery of the timber and plank by plaintiff with a corporation called the "New York, New England & Western Investment Company," by which, for a certain consideration therein named, the latter named company agreed to build and construct the whole line of defendant's road, and complete the same in a first-class manner, and put on the iron and rolling stock without any expense to defendant company. It also introduced evidence tending to show that the investment company did go on and construct the road, and that defendant company had nothing whatever to do with the building thereof; that Howard, Ironside, and Carroll were agents of the investment company, employed and paid by it, and were not employed or paid by defendant company, and had no authority to act for it whatever, and also that they never had assumed or agreed to pay any of the debts of the investment company.

The circuit judge instructed the jury that if they should find that the dealings of the plaintiff were with the investment company, through their agent, Mr. Ironside, then that would end the case in favor of defendant company. And to make the point more emphatic the learned judge said : " And in this connection the court desires to call your attention to one fact in reference to this matter, and that is this : The

claim on the part of the defendant is that the investment company was the company acting and operating in the building of this road ; that if a party dealt with that investment company, and that investment company was owing that party for materials furnished, any statement or agreement on the part of the defendant company would not bind the defendant company without an express promise to pay that indebtedness ; and that I conceive to be the law of the case."

The defendant's counsel submitted several special questions of fact for the jury to pass upon ; the first three of which and the sixth were as follows : (1) Was there a contract made by the railroad company defendant, with the investment company to construct the railroad for defendant ? (2) Did the investment company construct the road ? (3) Was the investment company to furnish the material for that purpose ? (6) Has the defendant ever assumed any of the investment company's indebtedness for building the road ? These were questions of fact which, under the evidence and charge of the court, it was competent and necessary for the jury to answer. They were material to the issue, and if answered in accordance with what the defendant claimed the evidence established, would have ended the case in defendant's favor. The reply made to each of these questions was " Unknown to the jury."

The evidence did or did not prove the facts inquired after. If it did, the jury should have answered accordingly. If it did not, they should have returned negative answers to the first three questions, and they should have answered the sixth according as they found the fact to be.  The result is a mis trial.

 The judgment must be reversed and a new trial had.

The bill of exceptions does not state that it contains all the evidence.   It is unnecessarily prolix, containing over one hundred and thirty pages.   It ought not to have contained more than fifty.   The appellant will not be allowed for printing but fifty pages of record.

CAMPBELL and CHAMPLIN, JJ. concurred.    COOLEY, C. J. did not sit.