## LEE v. SIMPSON.

*(Circuit Court, D. South Carolina. June 11, 1890.)*

TAXATION OF COSTS—PRINTING.

    Though there may have been agreements of counsel on both sides in relation thereto, costs for printing the bill, answer, and evidence in a suit in the circuit court of the United States cannot be taxed, since there is no rule of court on the subject, and nothing is said about such costs in Rev. St. U. S. § 823, providing the fees which may be taxed.

In Equity.

*Carey & Youmans*, for complainant.

*Smythe & Lee* and *Wells & Orr*, for defendant.

SIMONTON, J. The costs of this case have been taxed by the clerk. His taxation has been brought up for review. Only two items are questioned,—one awarding a certain sum to the special master. The lawfulness of this charge is not disputed. The amount only is criticised. The other item is a charge for $121 for printing the record and testimony. When the bill was filed, and the preliminary injunction granted, the bill and the order were printed under a suggestion of the court. When the answer was filed, it was also printed, at the suggestion of the defendant's attorneys, who naturally wanted their answer in print, as the bill had been printed. When all the testimony was in, it was prepared for the printer; counsel on both sides and the clerk of this court conferring about what parts and how much of it should be printed. When their conclusion was reached, the clerk, who had superintended the other printing, ordered and superintended this. The testimony and record were for the convenience of and were used by both parties in the cause. Nothing was said, so far as it appears, about paying the expense of the printing. The clerk was under the impression that each party would bear an equal share of this expense. How this impression was derived he cannot say positively, except that both parties seemed to concur in the necessity for printing, and united in preparing the matter to be printed, and both used the printed matter during all the proceedings. So when the bill for printing came in, some time before the cause was heard, he sent it to each party, making requisition for one-half from each. The complainant promptly paid his half. The defendant refused to pay any part of this expense, unless he lost the

case. Even were there an allegation of a verbal understanding or agreement between counsel in the matter, the court could not notice it. The stipulations or agreements of counsel must be in writing. Nor would the court undertake, in a taxation of costs, to enforce an agreement, written or verbal, between attorneys, unless the cost of printing can be taxed against the losing party, on whom the decree has fixed the costs. We have no rule on the subject. There being no rule, and the fee-bill (section 823, Rev. St.)[1] being silent, this charge cannot be taxed. Spaulding v. Tucker, 4 Fish. Pat. Cas. 633. Let this item of printing be eliminated, and in other respects the taxation be confirmed.

[1]This section provides the fees which shall be taxable as costs.