## KELLY et al. v. SPRINGFIELD RY. CO. et al.

### (Circuit Court, S. D. Ohio, W. D.   September 14, 1897.)

### No. 4,610.

1. COSTS IN PATENT CASES—BRIEFS, RECORDS, MODELS, EXHIBITS, ETC.
   In the absence of a rule of court or of a written stipulation so providing, the expense of printing records, briefs, and supplemental briefs in the circuit court, or of procuring copies of the official stenographer's notes of testimony for the use and convenience of the parties, is not taxable as costs. Neither is the expense of constructing or procuring models, charts, photolithographing paper exhibits, etc., used at the hearing to illustrate and make clear the oral evidence.

2. SAME—STIPULATION SUBSTITUTING PRINTED COPY FOR ORIGINAL RECORD—ORDER OF COURT.
   An order of court, entered upon application of both parties, pursuant to a stipulation between them, that a printed copy of the proofs and record shall be considered, "for all the purposes of this suit," and shall constitute, the original record therein, is not an order requiring the printing of the proofs and record, so as to make the cost of such printing taxable against the losing party.

3. SAME—SUPPLEMENTAL BRIEFS.
   The granting of leave to file supplemental briefs does not make the expense of printing them taxable costs.

This was a suit in equity by O. S. Kelly and others against the Springfield Railway Company and others for alleged infringement of a patent. The cause was heard on defendants' motion to include in the taxation of costs certain items of expense.

Julian C. Dowell and F. F. Fish, for complainants.
D. W. Cooper and Kerr, Curtis & Page, for respondents.

SAGE, District Judge.    This is a motion by defendants to include in the taxation of costs the expense of printing defendants' record, $711.33; of printing brief, $389.10; supplemental brief, $31.20; illustrative charts of applications for patents in suit, $141.65; of photolithographing paper exhibits, $339; of copies of complainants' testimony, $50.40; of constructing defendants' models and tracks and electrical appliances for operating same, $443; and of copy of opinion, $3.25; total, $2,108.93.    All these were, in accordance with the general practice of the court, excluded by the clerk.    It is claimed that this case, however, should be excepted from the general practice, by reason of certain stipulations and an order of court.    Prior to the hearing, counsel, under a stipulation filed December 6, 1895, took or retained possession of all physical exhibits offered in evidence, for photolithographing or printing.

At the hearing the court allowed counsel for the respective parties, upon their application, time for filing supplemental briefs.    Later, by written stipulation, the time was, with the consent of the court, extended still later; that is to say, on the 9th of November, 1896, it was stipulated in writing by and between the solicitors for the respective parties that the printed copy of complainants' proofs on final hearing, and of defendants' record, "filed herewith," should "be considered, for all the purposes of this suit, to be the original depositions taken and exhibits offered on behalf of the respective parties," and that they together should "constitute the original record."    This stipulation was filed on the 18th of November, 1896, and on the same day the court made an order, "upon reading and filing the annexed consent" (referring to the stipulation), and upon motion of solicitors for defendants, "that the printed copy of complainants' proofs on final hearing, and of defendants' record, filed herewith, shall be considered, for all the purposes of this suit, to be the original depositions taken and exhibits offered on behalf of the respective parties, and shall together constitute the original record in this suit."

"For all the purposes of this suit" is comprehensive enough, upon any known rule of interpretation, to include taxation of costs.    The clerk, so interpreting, made the taxation in all respects as if upon the original depositions, exhibits, and proofs.

The argument in favor of including in the taxation the costs of printing and lithographing is that the entry above recited, made subsequent to the taking and certification of the record, upon the written consent of the parties, while it did not cancel the typewritten testimony and the exhibits offered, did have the effect to "merely withdraw" them from the files of the court, excepting that, had a question arisen as to the correctness of the printed copy, recourse might have been had to the original papers, "then and now in the custody of counsel."    But the court having, under the circumstances recited in the order, ordered a printed and lithographed copy of the record before it, counsel urge that it follows from the course of decisions that the cost of compliance with the order must be borne by the defeated party. This is very ingeniously put, but it is not sound, for the following reasons:    First.    The order did not have the effect to withdraw the original copies of the record from the files.    As drawn, it closed with a

paragraph expressly ordering that the parties might withdraw all the exhibits and depositions; but the court drew erasing lines, striking that paragraph out, as appears on the face of the draft accepted and filed. This court never allows original depositions or paper exhibits to be withdrawn from the files of patent causes, unless there be some imperative reason, and even then only temporarily. If counsel still have original depositions or paper exhibits in this cause in their custody, the court requests that they be returned to the files, for the reason that other parties now or hereafter interested in the matters involved in this litigation may have occasion to inspect and examine them, and to them it may be important to have access to the originals. Sometimes it becomes necessary to permit the permanent withdrawal of paper exhibits, but the condition invariably imposed is that certified copies be taken and left in their stead. Second. The cost of complying with the order was nominal only, if indeed it was anything; for the printing and lithographing were done before the court was moved to make the order, and the printed copies were all filed on the day and date of making the order. Third. Not only were the printing and lithographing not done in consequence or by reason of the order, but they were altogether independent thereof, and were done by the parties upon their own motion, and for their own convenience and that of the court; and the substitution of the printed for the original was by a consent entry, which would be, indeed, a troublesome precedent, if construed in accordance with defendants' motion. The cost of printing briefs is not taxable in this district. As to the supplemental briefs, to construe the granting of leave to file them as an order that the cost of printing them should be taxed in the bill of costs would be contrary to all precedent in this district, and would tend to induce counsel to find frequent occasion for supplemental briefs, and to make them the chief presentation of their cases. The expense of copies of testimony is not taxable as part of the costs in this district, nor is the expense of constructing or procuring models, or of furnishing appliances for operating the same, nor the expense of copy of opinion.

It would seem to be unnecessary to cite authorities in support of the rulings above stated, but inasmuch as the practice is not in all respects uniform in all the circuits, and motions somewhat like the one made in this cause have been heretofore presented to and acted upon by this court, the following citations by counsel for complainants are approved and appended.

The models referred to represent structures regarding which proof was given by defendants, and they were used at the hearing to illustrate and make clear the oral evidence. They are not models of the patented invention in suit, and they were not procured under any order or rule of court. Models are not exemplifications.

Wooster v. Handy (Cir. Ct. S. D. N. Y.; 1885) 23 Fed. 49.

Exhibits of this kind are not taxable as costs.

Woodruff v. Barney (Cir. Ct. S. D. Ohio; 1862) 1 Bond, 528, 2 Fish. Pat. Cas. 244, Fed. Cas. No. 17,986.

Exhibits of this kind should not be taxed. "It is obvious that it would subject litigants in contested patent cases to onerous bur-

dens. if either party were permitted, ad libitum, to procure models, and tax his unsuccessful adversary in the case with the entire expense. I am not aware that any of the courts of the United States have given any sanction to such a principle."

In Hathaway v. Roach (Cir. Ct. D. Mass.; 1846) 2 Woodb. & M. 63, Fed. Cas. No. 6,213, it was held that models of the plaintiff's invention procured by the defendant were properly taxable as costs. Models of other patents were not recognized as taxable. "If other models are taxed, I do not think them proper items for the bill of costs, any more than other drawings of other patents procured, or the books which describe them; they all being rather arguments, than proof."

Parker v. Bigler (Cir. Ct. W. D. Pa.; 1857) 1 Fish. Pat. Cas. 285, Fed. Cas. No. 10,726. The court in this case ruled that the expense of making or procuring models could not be included among the taxable costs, nor could models properly be classed as "exemplifications," under the act of February 26, 1853 (10 Stat. 161):

"Models are not within the category, unless we treat them as 'exemplifications'; but, although printers' bills seem to be allowed, I cannot see that carpenters' or tinkers' bills have the same favor, or that a model of a mill wheel can be called an 'exemplification or copy of a paper.'"

Hussey v. Bradley (Cir. Ct. N. D. N. Y.; 1864) 5 Blatchf. 210, Fed. Cas. No. 6,946a.

Cornelly v. Markwald (Cir. Ct. S. D. N. Y.; 1885) 24 Fed. 187:

"The clerk properly refused to tax the item of $150 in plaintiff's bill of costs for the expense of obtaining a model of the defendant's infringing machine. Irrespective of any question as to the propriety or necessity of procuring such a model, the expense incurred cannot be deemed a taxable disbursement in favor of the prevailing party. The reasons why such an item should not be allowed are fully stated in the opinion of the court in Woodruff v. Barney, 1 Bond, 528, Fed. Cas. No. 17,986, and in Hussey v. Bradley, 5 Blatchf. 210, Fed. Cas. No. 6,946a. It is obvious that it would subject litigants in patent cases to onerous, and sometimes to oppressive, burdens, if parties were permitted, at their discretion, to procure models, and tax their unsuccessful adversaries with the expense. The question is not an open one. See, also, Wooster v. Barker, 23 Fed. 49."

The same reasons which exclude the cost of models as taxable costs exclude the item for photolithographing paper exhibits. However desirable these exhibits may have been to the defendant, or of convenience to the court, they are not taxable items; not being copies of any papers from the patent office, or necessarily of use in this case. These were in part introduced by witnesses explaining their testimony. In addition to the cases cited above, the two following cases directly in point cover this item:

Wooster v. Handy, 23 Fed. 62; Hussey v. Bradley, 5 Blatchf. 210, Fed. Cas. No. 6,946a.

In this latter case there was a charge as follows:

"No. 3. Paid for printing pleadings and testimony, and for lithographing drawings used on the final hearing, 362 pages, $745.00."

The court said:

"The third item also must be disallowed. It is not shown that the printing charged for was done by the consent of the parties, and under an agree-

ment that the expense thereof shall be charged as costs in the case, or that any order or rule of court, either special or general, required or authorized the printing of the papers for which these charges were made."

With reference to the charge for copies of complainants' testimony, the following cases are in point:

"We think the court was right, and that as these charges, including expenses and disbursements, were not incurred under any action of the court, but by the party in the preparation and presentation of his own side of the case, the items were properly disallowed. Another item was for money paid for a copy of the official stenographer's notes, obtained for the libelant by his counsel. This was simply for convenience, and not a copy necessarily obtained for use on the trial. The item was properly rejected." Mr. Chief Justice Fuller in The William Branfoot v. Hamilton, 8 U. S. App. 129, 3 C. C. A. 155, and 52 Fed. 390.

Atwood v. Jaques (Cir. Ct. W. D. Mo.; 1894) 63 Fed. 561:

"The next and final item objected to is the sum of $60.20 paid to Frances E. Mulett by respondent for carbon copies of testimony taken by her as stenographer. As these copies were evidently for the use of respondent or his counsel, they are not chargeable as costs in the case; and the motion, to the extent above indicated, is sustained, and the costs ordered to be retaxed accordingly."

Roundtree v. Rembert (Cir. Ct. D. S. C.; 1896) 71 Fed. 255:

"Another exception is the disallowance of the fee paid for a copy of the testimony taken de bene esse. By consent, counsel on both sides were allowed to obtain a copy of the testimony taken in New York. Properly, this is no part of the costs in the case. The copies were solely for the convenience of counsel. In the absence of any agreement that it should be included in the costs, that cannot be done. Counsel for the plaintiffs deny that there was any such agreement, and no stipulation in writing to that effect is in the record. The exception is overruled."

In no case is the printing of the record and of briefs a taxable cost, except where there is a rule of court requiring the same to be printed, or where there is a stipulation to the same effect.

Such a stipulation cannot be inferred, and, in a case where there was an agreement between counsel that the record be printed, the court would not allow the printing thereof to be charged as taxable costs; there being no written stipulation to this effect, and no rule of the court. Lee v. Simpson (Cir. Ct. D. S. C.; 1890) 42 Fed. 434.

The printing of briefs and the record is not chargeable. Spaulding v. Tucker (Cir. Ct. D. Cal.; 1871) 2 Sawy. 50, 4 Fish. Pat. Cas. 633, Fed. Cas. No. 13,221.

In the Second circuit the rule of court requires the printing of the record and briefs, and they are therefore chargeable. Dennis v. Eddy, 12 Blatchf. 195, Fed. Cas. No. 3,793; Hake v. Brown (Cir. Ct. S. D. N. Y.) 44 Fed. 734.

The right to tax, however, as stated above, depends upon the rule requiring that record and briefs be printed. Gird v. Oil Co. (Cir. Ct. S. D. Cal.) 60 Fed. 1011. See, also, Neff v. Pennoyer, 3 Sawy. 335, Fed. Cas. No. 10,084; Hussey v. Bradley, 5 Blatchf. 212, Fed. Cas. No. 6,946a; Ferguson v. Dent (Cir. Ct. W. D. Tenn.) 46 Fed. 95.

"The next item of costs objected to by complainants is the charge of $506.65 paid by respondent to printing company for printing evidence and abstract of record on behalf of respondent. In the absence

of any rule of court requiring this to be done, and in the absence of any special order of the court in this case, or any agreement between the parties that the same should be printed and charged as costs in the case, there seems to be no warrant, under equity practice, for this charge." Atwood v. Jaques (Cir. Ct. W. D. Mo.) 63 Fed. 561.

"It has never been the practice of this court, in cases brought before it under its appellate jurisdiction, to tax as costs disbursements by counsel or parties for printing briefs." Mr. Chief Justice Waite in Ex parte Hughes, 114 U. S. 548, 5 Sup. Ct. 1008.

The motion is overruled. The bill of costs made out by the clerk is correct.