[No. 730.    September 2, 1898.]

W. A. GIVENS, Appellee, v. JOHN D. W. VEEDER, Appellant.

SYLLABUS BY THE COURT.

COSTS—PRINTING TRANSCRIPT—STENOGRAPHER'S FEES.—Costs for printing transcript of record, on appeal to this court, are improperly taxed as costs when the amount in controversy does not exceed $1,000, such printing being purely voluntary and an unnecessary expense.

2.    The charges of a stenographer used by a master in chancery, in the absence of stipulation or agreement, can not be taxed as costs; the court having ordered the master to take the proofs and it being presumed that the master's allowance was made to cover all such services.

*Appeal,* from Second Judicial District Court, Bernalillo County.    Motion for retaxation of costs.    Granted.

JOHNSTON & FINICAL and A. B. McMILLEN for appellee.

VEEDER & VEEDER for appellant.

MILLS, C. J.—This case was heard in the supreme court of this territory at the July term, 1897, and judgment was

given for the appellant. On January 15, 1898, a cost bill was issued by the clerk of this court, against Givens, amounting in all to the sum of $508.70. On January 21, 1898, shortly after the judgment of the supreme court, the appellee filed a motion to retax costs, claiming, first, that the item of $55.50 for stenographer constituted no part of the costs, for the reason that the allowance made by the court below for the fee of the master necessarily included any expense he may have incurred for a typewriter in this cause; and, second, that the item of $206 for printing transcript, besides being charged at a rate double that allowed by law where the printing of a transcript forms a part of the costs, can not form a part of the costs in this case, for the reason that the amount involved is less than a thousand dollars, and the printing of the transcript is not required by law and is wholly voluntary, and no charge therefor is allowed by law.

For some reason which does not appear, and in vacation, shortly after the filing of the above motion, the clerk made out a new cost bill, omitting the item of stenographer's fees, $55.50, and reducing the item of printing transcript from $206 to $123 and adding the costs in the supreme court, some $22.85 for some reason were omitted from the former taxation and on January 31, 1898, issued execution, the costs being taxed at $394.05.

The claim of the appellee is that the only matter now before us is the item of $123 taxed by the clerk for the printing of the transcript, while counsel for appellant contends that the whole matter of costs was either settled by the clerk at the second taxation or that the whole is now before us, as the motion for taxation filed has never been acted upon by the court, and because the change made by striking out items was made by the clerk of his own volition, or by some judge personally in vacation, and not acting in his official capacity, and that the same is consequently not binding as an act of this court, being coram non judice.

COSTS: printing transcript.

We regard this claim of the appellant as the correct one. If both parties were satisfied with the action of the clerk, the motion to retax could be stricken from the docket on motion, and nothing would now be before us; but as the appellee is dissatisfied and desires to proceed with the hearing, the whole matter of the taxation must come up. Counsel for the appellee can not contend that the action of the clerk in his second taxation was final as to what helped him, and yet not so as to the single item of costs of $123 for printing which they now claim is incorrect.

We will consequently consider the whole matter of the disputed items.

Section 3147 of the Compiled Laws, so far as it applies to civil cases, reads:

"In civil cases removed into said supreme court for review, appellants, or plaintiffs in error, shall not be required to print the record, nor any part thereof, unless the amount of the judgment to be reviewed or the value of the property in dispute shall exceed one thousand dollars, exclusive of costs."

Does the judgment in question come under the provisions of this act, as being for less than $1,000 ? Our court follows the same rule as the supreme court of the United States, and that court holds that the amount of the judgment with interest thereon to the time of the rendition of the judgment of the court from which the appeal is taken (Steamship Co. v. Mechant, 133 U. S. 375), but excluding costs, determined the jurisdiction. The judgment in this case was given January 30, 1897, and was for the sum of $918.50, carrying interest at the rate of twelve per cent per annum from the date of its rendition; consequently that amount determines the jurisdiction. There is no question brought as to the value of the property giving jurisdiction; no affidavit was filed showing that the value of the property in dispute was over a thousand dollars. The appellant had collected a life insurance policy on the life of one Calvin Fisk, for the sum of $5,000 and presumably had all the money in his possession, but Givens only obtained judgment for $918.50, and after such judgment that

amount with interest was all that he claimed from Veeder. And as the money was separable and divisible the amount above that sum was not in question. We hold that the amount in controversy in this case is below the $1,000 limit.

As to the stenographer's fees of $55.50, they arose for work done by the stenographer in taking the evidence before the master in chancery. On July 27, 1895, the court appointed a special master to take the testimony in said cause and reported the same, stating his findings of fact and conclusions of law thereon. The record shows that the master was paid $150 for his services in this case, and this presumably covers what he was compelled to pay the stenographer to take down the testimony and transcribe the same. It will be noticed that the order appointing him specified that he should take the testimony in said cause, not that he should hire any one else to do it. Doubtless, in making the allowance to the master, the court considered what he would have to pay out for a stenographer if it was necessary to employ one. In the case of Brodges against Sheldon, 18 Blatchf. 501, the court says:

COSTS: stenographer's fees.

"There is also a question about the charges of a stenographer being a part of the costs. A stenographer was engaged by the parties to take down the oral testimony of witnesses, upon the accounting before the master. The master has certified that this was done by his procurement as master, and that the charges should be taxed as costs of the accounting. It does not appear that the parties agreed that these charges should be taxed as costs of the accounting. It does not appear that the parties agreed that these charges should be so taxed. Whether they can be or not depends upon the authority of the master to make such charges taxable. The master has, under the equity rules, very large discretion about the production of testimony and the order of examination of witnesses and of procedure before him, but these charges are not made taxable fees or costs by either the statutes or rules and the question is whether the master can make such charges taxable when the law has not made them

so.   The court can not employ a stenographer at the expense of the government, neither could it at the expense of parties without their consent, not allow one to do so at the expense of another by requiring the expense to be treated as taxable costs. The authority of the master can not exceed that of the court appointing the master.   These charges are left to be borne by the parties according to their contract without being taxed."

The charges for stenographer used by the master can not therefore be taxed.

As to the printing of the record we do not regard it as a taxable charge, there is no law compelling the printing of a transcript involving less than $1,000, and if printing is done in such cases it is voluntary and is an unnecessary expense, and no court will tax costs for unnecessary expenses, unless required to do so by an affirmative provision of law.   In both of the taxations appear items for printing transcripts, in the first $206, and in the second  $123.   This printing was useless and should be disallowed.   · Wilson v. Railroad, 57 Mich. 155; Parsonette v. Johnson, 40 N. J. Eq. 32;  Crippen v. Brown, 11 Paige (N. Y.), 628; Spary v. Robinson, 24 W. Va. 527; Hussy v. Bradly, 5 Blatchf. 210.

We are of the opinion that the  motion  of  the  appellee should be granted, and the items complained of in the motion should not be taxed as costs, and it is so ordered.

Crumpacker, McFie, Leland and Parker, JJ., concur.