### TOMLINSON v. MOORE.

(Circuit Court, S. D. New York. December 15, 1910.)

COURTS (§ 349*)—FEDERAL COURTS—COMPELLING ATTENDANCE BEFORE EXAMINER IN EQUITY CAUSES.

A person who does not reside within the district where a subpœna is issued and served may not be compelled, except under the provisions of Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), for taking depositions de bene esse, to attend before an examiner as a witness in an equity cause in a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 925; Dec. Dig. § 349.*]

In Equity. Suit by John C. Tomlinson against George G. Moore. On motion by complainant to enforce obedience by defendant to subpœna, and by defendant to quash subpœna. Motion to quash sustained.

Wellman, Gooch & Smyth, for plaintiff.

Davies, Stone, Auerbach & Cornell, for defendant.

WARD, Circuit Judge. In this case a subpœna ad testificandum was served upon the defendant at the Hotel Manhattan December 10th at 4:15 p. m. just as he was about to leave and take the 4:30 train for his home in Detroit, requiring him to appear before an examiner appointed by this court and testify as a witness on behalf of the plaintiff on December 12th at 11 a. m. He disregarded the subpœna and went to Detroit. A motion is made on behalf of the complainant to enforce his obedience and on behalf of the defendant to quash the subpœna. There was no attempt to examine the witness de bene esse under rule 68 of the Supreme Court in equity and section 863 of the U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 661). Had this course been taken he could have been compelled to testify without reference to his

convenience because he lived at a greater distance than 100 miles from the place of trial and was about to go out of the district to a greater distance than 100 miles from the place of trial. Testimony was about to be taken in the cause by the consent, express or implied, of the parties orally before one of the examiners of this court under equity rule 67, subdivision (2) and the complainant's purpose was to examine the defendant in this way.

The question presented is whether a person who does not reside within the district where the subpœna is issued may be compelled (except under U. S. Rev. Stat.. § 863) to attend before an examiner as a witness in an equity cause. The provisions of rule 78 on the subject are expressly restricted to "witnesses who live within the district" and by implication witnesses residing elsewhere are not subject to this compulsion. It would frequently result in intolerable hardship if persons living at a distance could, when passing through any place where a cause was pending or where testimony was being taken in a cause pending elsewhere, be detained to testify at the convenience of the parties. Congress has provided two ways in which witnesses may be examined in equity, viz.: (1) By commission on interrogatories or orally before an examiner; (2) under the acts of Congress. All necessary testimony may be thus obtained without hardship to the witnesses except occasionally under section 863, U. S. Rev. Stat., in case of unwilling witnesses. Various provisions in the legislation of Congress indicate that the convenience of witnesses is a matter of solicitude, e. g. U. S. Rev. Stat. § 870 (U. S. Comp. St. 1901, p. 665), which provides that no witness shall be required to attend under a dedimus potestatem at any place out of the county where he lives or more than 40 miles from the place of his residence, and section 876 (page 667), which provides that witnesses cannot be compelled to attend court in civil causes who live out of the district in which the court is held and at a greater distance than 100 miles from the place of holding the same.

There is nothing to show that the defendant lived in New York other than the fact that he was found there when he was served with the subpœna. I think this quite insufficient. Some of the authorities relied upon by the complainant may be briefly considered. The question in the case of Mutual Benefit Life Insurance Co. v. Robison, 58 Fed. 723, 732, 7 C. C. A. 444, 471, 22 L. R. A. 325, arose under U. S. Rev. Stat. § 863. The witness subpœnaed was sojourning for his health at Asheville. The court said:

"The duration of his stay there was uncertain. It was not probable that he would return to his former place of residence or come within the jurisdiction of the court in time to take his deposition and therefore the act of taking it at Asheville was an eminently prudent and proper act."

In Dreskill v. Parish, 5 McLean, 213, Fed. Cas. No. 4,075, an action at law, it was held that a witness might be subpœnaed even if he lived out of the district where the court was held, provided he did not live more than 100 miles from the place of trial.

In Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221, an action at law, it was said that witnesses are amenable to the process of

a subpœna who live within the district though more than 100 miles from the place of trial.

In Woodruff v. Barney, 1 Bond, 528, Fed. Cas. No. 17,986, a judgment for costs upon discontinuance of an action at law was entered in favor of the defendant. He sought to recover witness fees and mileage for witnesses living out of the district and more than 100 miles from the place of trial, who attended voluntarily. This item was disallowed on the ground that they did not attend "pursuant to law." Leavitt, J., said:

"If he brings witnesses into court on process he must pay them for their attendance. He may relieve himself from this burden in part at least by causing them to be served with process after they come within the district. This, however, the defendants for reasons best known to themselves, failed to do and the witnesses therefore who attended can be regarded only as mere volunteers and their fees cannot be taxed against the plaintiffs as a part of the legal costs."

What was said about serving the witnesses after they arrived within the district was purely obiter, said of willing witnesses and so far as it implies that the attendance of unwilling witnesses in equity causes may be compelled if served within the district, without reference to their place of residence, I cannot assent to it. The motion to quash is granted.