UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF LEWERS & COOKE, LIMITED, ET AL., *v.* BURRELL CONSTRUCTION COMPANY, A CORPORATION, AND AETNA INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, A CORPORATION.

December 18, 1913.

*Costs—Mileage fees—Witnesses attending voluntarily:* In the case of witnesses living out of the jurisdiction of the court and more than one hundred miles distant therefrom, whose testimony is necessary to the settlement of the issue, and who voluntarily attend the trial and give their evidence, their mileage fees may be taxed as costs of court against the other side when it is the losing party.

*At Law*: Taxation of costs.

*Thompson, Wilder, Watson & Lymer* for the objection.
*Prosser, Anderson & Marx* contra.

DOLE, J. Two items in plaintiff's bill of costs are questioned by the defendants. These are for mileage of the witnesses H. A. Willis and R. W. Sweet, the former from Seattle to Honolulu and return, and the latter from Missoula, Montana, to Honolulu and return, the objection being that the statute provides only for mileage fees for, witnesses when they have been subpoenaed; such contention being based on the acts of 1799 (1 Stat. 626) and 1853 (10 Stat. 167), and section 848 of the Revised Statutes, the wording of which is, "for each day's attendance pursuant to law," and "when a witness is subpoenaed in more than one cause between the same parties," in reference to mileage fees in such statutes. The act of 1799 provides that "compensation to jurors and witnesses, in the courts of the United States, shall be as follows, to wit: to each grand and other juror for each day he shall attend in court, one dollar and twenty-five cents; and for travelling, at the rate of five cents per mile, from their respective places of abode, to the place where the court is holden, and the like allowance for returning; to the witnesses summoned in any court of the United States, the same allowance as is above provided for jurors."

The case of *Woodruff v. Barney*, (1862), 30 Fed. Cas. 518, No. 17,986 (law), holds that the words in these acts, referring to "compensation", or "pursuant to law", or "subpoena", mean the same thing.

For a number of years the courts held that where a witness was not subpoenaed, the provision of the law did not apply to a case in which he voluntarily came and testified. The provision of section 876 of the Revised Statutes, to the effect that subpoenaes may only run to a distance of

one hundred miles where the witness is living out of the district, was also regarded in the earlier cases as providing a limit beyond which mileage fees would not be allowed. The precedents in England, however, and more recent cases in the United States, have by a very decided weight of authority reversed this rule and adopted the policy and the practice of allowing such fees on the ground as stated in *United States v. Sanburn,* 28 Fed. 299, 302:

"A witness who, in good faith, comes to court to testify in a pending suit, whether he comes in obedience to a subpoena or at the mere request of one of the parties, attends pursuant to law, and while coming, attending and returning is privileged from arrest on civil process even if he comes from abroad and has no writ of protection."

The case of *Walpole v. Alexander,* 3 Doug. 345, 99 Eng. Reprint, 530, is cited in the above case and in which, among other things, the rule is held as being in furtherance of justice. This, I think, is obvious, for under its liberal policy necessary witnesses who were out of reach of compulsion, would in many cases be in attendance, where, under the old rule, they would be less likely to attend.

In addition to the above authorities, I refer to *Prouty v. Draper,* 2 Story, 199; *In re Williams,* 37 Fed. 375, and Gunkel, Costs in Federal Courts, 101. There is a large number of cases agreeing with this conclusion which need not be cited.

There is another point in favor of the contention of the plaintiffs and that is under the agreement of compromise referred to in the decision filed in this case on December 5, 1913, there was a provision for the payment by the defendants "of the costs of court, reference fees and other necessary expenses as the same may be taxed by the above entitled court." It is admitted by the defendants that the appearance of the two witnesses referred to was in good faith and there is no contention that their appearance was not necessary. Under this agreement, therefore, without

the rule adopted above, the court would, I think, tax such mileage as costs against the defendant.

The mileage fees claimed, therefore, are hereby allowed.